SOUTHERN RAILROAD COMPANY *v.* HAMBLEN COUNTY.

(*Knoxville.*   September Term, 1905.)

1. **TAXATION.** Special tax levied by a county must show its purpose, or it is void, and a distress warrant to collect it will be superseded and quashed.

   The order of the county court levying a special tax should state the purpose for which the levy is made, and a levy of a special tax without showing the purpose thereof is void, and a distress warrant issued to collect such tax will be superseded and quashed.

   Code cited and construed: Secs. 493, 503, 1394, 5992, 6041, 6050, 6053 (S.); secs. 459, 469, 1166, 4954, 4990 (M. & V.); secs. 402, 411, 970, 4179, 4180, 4186 (T. & S. and 1858).

   Constitution cited and construed: Art. 2, sec. 29.

   Cases cited and approved: McLean v. State, 8 Heis., 269; Grant v. Lindsay, 11 Heis., 665, 666; Winston v. Railroad, 1 Bax., 60, 76; Railroad v. Franklin Co., 5 Lea, 707; Railroad v. Wilson, 90 Tenn., 271; Wallace v. Crook, 91 Tenn., 388; Colburn v. Railroad, 94 Tenn., 43; Shelby Co. v. Exposition Co., 96 Tenn., 653; Burnett v. Maloney, 97 Tenn., 697; Kennedy v. Montgomery Co., 98 Tenn., 179; Judges' Salary Cases, 110 Tenn., 388; Akin v. State, 112 Tenn., 605.

2. **SAME.** Same. Levy of special tax to pay general debts, without legislative authority, is void; confusion of levy of special with general tax renders whole void.

   A special tax levied by a county to defray the expenses incurred in suppressing an epidemic of smallpox, jail improvements, and to repay a loan made to the county by the sinking fund commissioners, is void, because these are general county purposes, and a special tax for these purposes has not been authorized

Railroad v. Hamblen Co.

by the legislature, except for repairs made upon the county jail, which is so confused with the other matters that it cannot be separated from them. (*Post, p.* 535.)

Code, cited and construed: Sec. 503 (S.); sec. 469 (M. & V.); sec. 411 (T. & S. and 1858).

### FROM HAMBLEN.

Appeal from the Circuit Court of Hamblen County.— G. M. HENDERSON, Judge.

M'CANLESS & TATE, SUSONG & BIDDLE, and J. B. HOLLOWAY, for Railroad.

HICKEY & HICKEY, for Hamblen County.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is a petition for certiorari and supersedeas, to stay the execution of a distress warrant issued by the clerk of the county court of Hamblen county, and levied upon the property of petitioner, to collect a special tax levied by that county in 1904, upon the ground that the tax levy is invalid for failure to show the purpose of the tax and for want of authority in the county to make the levy.

The chairman of the county court of Hamblen county,

made and spread upon the minutes of the January term, 1904, of that court, a report containing this statement:

"There is a floating debt on the county, amounting, as near as can be ascertained, to about six thousand dollars. This debt had been created by sieges of smallpox and jail improvements, and a borrowed fund of $2,000.00 loaned the county some years ago by the sinking fund commissioners. A tax levy of twenty cents on the hundred dollars will raise a fund sufficient, or nearly so, to pay off this floating debt. I call the court's attention to this for its consideration."

Upon the same day an order was made and entered upon the minutes in these words:

"Upon motion, it was ordered by the court that the tax levy for the year 1904 be the same as that of 1903, except that there be a special levy made of twenty cents on the hundred dollars assessed valuation."

At the next April term of the court, without noticing this order, a formal levy of taxes for that year was made and entered upon the minutes in these words:

"Be it ordered by the court that the following rate of taxes be, and the same is hereby, laid on all real and personal property and polls for the year 1904:

County tax property on the $100
    valuation .... ................ 30 cents
School tax, on the $100 valuation ....10 cents
Pauper tax, on the $100 valuation .... 10 cents
Railroad tax, on the $100 valuation ....5 cents
Highway tax, on the $100 valuation ..10 cents

Railroad v. Hamblen Co.

Pike tax, on the $100 valuation ......35 cents

*Special tax, on the $100 valuation....*20 cents

Polls ...... ...... .... ..:... ....50 cents

"It is further ordered that all privileges shall be the same as that laid by the State, except that the county tax on marriage licenses shall be 50 cents, and on merchants' stock an *ad valorem* tax for county purposes the same tax as laid on real and personal property."

The special levy of twenty cents on the hundred dollars of assessed property is the item contested. The contention of the petitioner is that it is void because the purpose for which it is to be used is not stated in the levy; and, further, if extrinsic evidence can be looked to to show its purpose, as insisted by the defendant, then the defendant had no authority to levy and collect a tax for the purposes claimed.

Counties are provided for by the constitution, but their creation, and the powers with which they, for the most part may be vested, are left to the discretion of the legislature. They have been created corporations, and the justices in the county court (quarterly court), assembled, are their representatives, and authorized to act for them. Code, sec. 402; Shannon's Ed., 493.

Their powers and duties have been defined by this court in the case of *Burnett* v. *Maloney*, 97 Tenn., 714, as follows:

"Counties do not hold and operate under charters as do cities and other municipal corporations. They have no franchises. They make, and can make, no by-laws.

115 Tenn.—34

They have the same powers and duties throughout the
State. They do not have to provide waterworks and fire
departments, and lights, and the hundred and one nec-
essaries for cities and towns. Their ordinary expenses
are met by issuance of county warrants payable out of
a general fund collected for all purpose. The occasions
for extraordinary expenditures are few, such as the
building of jails, courthouses, bridges and hospitals, and
if it becomes necessary to incur a debt for these pur-
poses which cannot be at once met out of the usual reve-
nues, they must get their authority to create such debts
from an enabling act of the legislature, which at the
same time gives them power to provide for its payment
by a special act, and no doctrine is better settled in this
State than that the power thus conferred must be
strictly construed and exactly followed."

The county court composed of the justices of the
county, and known as the quarterly court, has no inher-
ent power of taxation. It is the legislative council of
the county created by the general assembly to act for it
in such matters as it may be authorized and has only
such jurisdiction and powers as are expressly conferred
upon it by statute. Code, secs. 4179, 4180, 4186; Shan-
non's Ed., sec. 5992; *Grant* v. *Lindsay,* 11 Heisk., 665;
*Railway Co.* v. *Wilson,* 90 Tenn., 271; *Wallace* v.
*Crook,* 91 Tenn., 388; *Colburn* v. *Railroad,* 94 Tenn.,
43; *Shelby Co.* v. *Exposition Company,* 96 Tenn., 653;
*The Judges' Salary Cases,* 110 Tenn., 388; *Akin* v.
*State,* 112 Tenn., 605.

The general assembly is authorized to delegate to the several counties in the State the power to impose taxes for county purposes, which they now exercise through their representatives in the quarterly court assembled. Constitution, art. 2, sec. 29.

Counties are authorized by the general assembly to levy taxes for county purposes, usually by special provisions in the general revenue laws, enacted as a rule biennially for general county purposes and by special statutes for certain special purposes.

The general revenue law enacted in 1903, chapter 257, of the published Acts of that year, authorizes counties to levy as annual tax on every one hundred dollars of taxable property not exceeding 30 cents, exclusive of the tax for public roads and pikes and schools, and interest on the county debts, and other special purposes, and such privilege taxes as are levied by the State for State purposes.

Among the special taxes which counties are authorized to levy, are those for building and repairing courthouses, jails, and other public buildings, for constructing roads and bridges, maintaining the common schools, and the payment of the interest on the county debt. Code (Shan. Ed.), secs. 503, 1394, 6041, 6050, 6053. It is well settled, by repeated decisions of this court, that counties have no power to levy and collect a tax for any county purpose in excess of that authorized by the general assembly, and that this cannot be done merely by styling the levy "special tax." *Grant* v. *Lindsay*, 11

Heisk., 666; *Railroad Company* v. *Franklin County,* 5 Lea, 707; *Burnett* v. *Maloney,* 97 Tenn., 697; *McLean* v. *State,* 8 Heisk., 269; *Winston* v. *Railroad Co.,* 1 Baxter, 60, 76.

Mr. Cooley, in his work on Taxation, says: The municipal corporations of a State having no inherent power to tax, must take such power as is conferred under the conditions and limitations that may be prescribed, and only for such purposes as may be expressed. This is fundamental. The authority is not only a delegated authority conferred by the State, but it is to be assumed that the State has given all it intended should be exercised, and the grant, like that of all special and limited grants, is to be strictly pursued. Express power to levy particular taxes, is a negation of the power to lay others; and if particular subjects of taxation are enumerated, the corporation cannot reach out to take others." Cooley on Taxation (3d Ed.), pp. 554-5.

Applying these well-settled principles of law we are of the opinion that the levy in question is void, and that the distress warrant issued to collect the tax assessed under it should be superseded and quashed. We think that an order of the county court levying a special tax should state the purpose for which the levy is made. This is necessary to enable the taxpayers to challenge it, if it be for a purpose not authorized by law, and if authorized to compel the application of the tax to the purpose for which it was in fact levied, if a diversion to some other object is attempted. In no other way can an

unlawful exercise of the taxing power by counties be ascertained with certainty and proper application of taxes paid enforced. It would always be possible for the authorities entrusted with the power of taxation, when a levy or the application of the tax is called in question, to claim that it was for some purpose for which a special tax is authorized, or that it was levied for the purpose for which it is being used. The object of the tax should be evidenced by some record to which the people can resort for information. Without such record the taxpayers are substantially deprived of their right to known the purpose for which they are taxed, and to have the taxes paid by them applied to the purposes for which they have consented to be taxed.

This court, speaking through Mr. Justice Wilkes, has said: The taxpayers of every county have a right to know for what purpose they are being taxed, and also to know that taxes collected from them for any specific purpose are applied to such purpose and not to some other, at the discretion of county officials, and according to their ideas of public policy or expendiency. The law does not provide for the mixing of special and ordinary funds, nor the supplementing of one by the other by county officials . . . . but the law lays down the rule of action for county officials as well as all others, and from it they cannot depart. When the people consent to be taxed for any purpose they cannot complain, but when they are taxed for one purpose and the fund is applied to another and when they are misled

as to the purpose for which they are being taxed, they have the right not only to complain but a remedy to redress the grievance if they apply to the courts in the proper way and at the proper time." *Kennedy* v. *Montgomery County,* 98 Tenn., 179, 180.

But it is said for the defendant that the purposes of this tax sufficiently appears in the statement copied from the chairman's report, entered upon the minutes of the court at the January term. We do not think so. If it be conceded that extrinsic evidence can be considered in aid of a tax levy, of which there is much doubt, that relied upon in this case is not sufficient. It is doubtful whether the order made at the January term in relation to taxes for the current year was intended as a levy. It is vague and indefinite, even when read in the light of the chairman's report, and incomplete in that no tax on privileges is imposed, which is always done. It seems to be more of an expression of the court of what the levy should be, than an actual levy, especially when contrasted with the formal, definite, and complete levy made at the subsequent April term. But if it was intended as a levy, we think it is evident, from the action of the court at the April term, that it was abandoned, probably because considered defective and void, and the one then made, substituted for it. This last levy was made three months after the chairman's report, and contains no reference to it. It was intended to be and is complete in itself. There can be only one levy, and that made in April, was the one intended by the court to be

Railroad v. Hamblen Co.

effective, and, clearly, the one under which the distress warrant against the plaintiff was issued.

But if the order at the January term was intended as a levy, and in force, and we could consider the evidence offered to show the purpose of the special tax attacked, still we would be compelled to hold it void. The county, or its representatives in quarterly court assembled, had no power to levy a special tax to defray expenses incurred in suppressing an epidemic of smallpox, and repay the loan made to it by the sinking fund commissioners. These are general county purposes intended to be covered by the tax of 30 cents upon the hundred dollars of assessed property authorized by the legislature. It is true that it was within the constitutional power of the general assembly to authorize a special tax for these purposes, but it had not done so. There is a special statute (Code, sec. 503) authorizing the levy of a special tax to pay for repairs made upon the county jail, but it does not appear from the chairman's report what proportion of the sum sought to be raised by the special levy is needed for this purpose. The lawful purpose of the levy is so confused with the unlawful purposes that the valid cannot be separated from the invalid, and the whole is void.

We think, for these reasons, in any view that may be taken of the case, the special levy of 20 cents upon the hundred dollars worth of taxable property is void upon its face and unauthorized by law, and that the distress warrant issued to enforce its collection as against this petitioner should be superseded, and judgment will be entered in accordance with this opinion.