## MEYER *et al.* v. LYNDE-BOWMAN-DARBY CO. *et al.*

No. 2756.   Opinion Filed February 18, 1913.

(130 Pac. 548.)

1.' **TAXATION—Levy—Specification of Purpose.** Section 19, article 10, of the Constitution (Williams' Ann. Const., sec. 284), which requires that every act of the Legislature levying a tax shall specify distinctly the purpose for which the tax is levied, is mandatory, and an act levying an annually recurring tax, which does not specify the purpose for which the tax is levied, is void.

2.   **SAME—Validity of Statute—Graduated Land Tax.** The act of May 26, 1908 (Sess. Laws 1907-08, p. 725; Comp. Laws 1909, secs. 7738-7742), providing for a graduated tax on land holdings, is in conflict with section 19, article 10 of the Constitution, because it fails to specify the purpose for which the tax is levied.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. F. deGraffenreid, Judge.*

Action by Lynde-Bowman-Darby Company and others against Leo Meyer, as State Auditor, and the County Clerk and County Treasurer of Muskogee county, to restrain them from levying and collecting the so-called graduated land tax. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Chas. West,* Atty. Gen., for plaintiffs in error.

*N. A. Gibson* and *Preston C. West,* for defendants in error.

*S. T. Bledsoe, amicus curiae.*

AMES, Special J.   The question involved in this case is the validity of the act of May 26, 1908, entitled, "An act to provide for a graduated tax on land holdings in excess of six hundred forty acres of average taxable lands, and a graduated tax upon the incomes, rents, and profits of lands held by lease or rental contract in excess of six hundred and forty acres, and providing procedure for collection thereof." (Sess. Laws 1907-08, p. 725). Many objections are raised to the act, and are argued elaborately

at the bar, but we find it necessary to pass on only one: Is the act in conflict with section 19, article 10, of the Constitution (Williams' Ann. Const., sec. 284)? That section is as follows:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another."

The act under consideration does not specify distinctly, or otherwise, the purpose for which the tax is levied. The only language in the act which is referred to as approximately so stating, is that portion of section 2 reading as follows:

"All persons owning land in this state of taxable value equivalent to six hundred and forty acres of average taxable value, or less, shall pay the same *ad valorem* tax rate as is levied and charged for all purposes of government against personal or other property in this state.    *    *    *"

It is argued that, pursuant to this language, the graduated tax is levied "for all purposes of government," but it is manifest from reading the language that the phrase, "for all purposes of government," does not specify the purpose for which the graduated tax is levied, but is merely descriptive of the rate charged against personal or other property. This section of the Constitution is mandatory, and the failure of the act to specify the purpose for which the tax is levied is fatal. *Commonwealth v. U. S. F. & G. Co.*, 121 Ky. 409, 89 S. W. 251; *C., O. & S. W. R. Co. v. Commonwealth*, 33 Ky. L. Rep. 882, 111 S. W. 334; *Southern Ry. Co. v. Hamblen County*, 115 Tenn. 526, 92 S. W. 238.

We are not concerned with the policy or the wisdom of this constitutional requirement. It is sufficient for us that the Constitution so declares. It is apparent, however, that as taxes are paid by the people, they have required the Legislature, as well as other political subdivisions, in levying a tax which they are to pay, to inform them by the act of the purpose for which they are to pay the tax, and in the absence of this information they have a right to refuse payment. The people who are called upon to pay this tax have no idea why they are thus taxed. They have no idea for what purpose the tax they pay will be applied,

and by their Constitution they have reserved the right to refuse to pay a tax, unless they are informed of its purpose.

But it is argued that, under the decision of this court, in *McGannon v. State,* 33 Okla. 145, 124 Pac. 1063, it is unnecessary for an act levying a tax of this nature to specify the purpose for which it is levied. The McGannon case does not so hold. That case involved the inheritance tax. An inheritance tax is only levied once, and the court held that this section of the Constitution did not apply for that reason, but applied only to annually recurring taxes. The tax in the case at bar is an annual tax, and therefore does not come within the reason or the language of the McGannon case.

What we have said disposes of the case, and it is unnecessary for us to consider the other questions involved.

The judgment of the trial court is affirmed.

HAYES, C. J., and KANE, DUNN, and TURNER, JJ., concur. WILLIAMS, J., being disqualified, C. B. AMES, a member of the Supreme Court Commission, was appointed to sit in his stead.