### In re SHIRLEY.

No. 17227—Opinion Filed Dec. 14, 1926.

(Syllabus.)

**Taxation—Act Imposing Tax on Money and Credits Unconstitutional.**

The act of the Legislature of February 25, 1925, entitled, "An act imposing a tax on money and credits in lieu of the existing tax, repealing all laws in conflict herewith, and declaring an emergency" (chapter 120, Sess. Laws 1925), is in conflict with section 19, art. 10, of the Constitution, and is void, for the reason that it fails to specify the purpose for which the tax is levied.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Appeal by James A. Shirley from a judgment of the District Court of Oklahoma County rendered in a controversy submit-

ted under the provisions of section 846, Comp. Stat. 1921, in re taxation of certain moneys for year 1926. Affirmed.

Freeling & Howard, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crow, Assist. Atty. Gen., for defendant in error.

NICHOLSON, C. J. This is an appeal by James A. Shirley from a judgment of the district court of Oklahoma county, holding unconstitutional and void chapter 120, Session Laws 1925, being an act of the Legislature approved February 25, 1925, entitled:

"An act imposing a tax on money and credits in lieu of the existing tax, repealing all laws in conflict herewith, and declaring an emergency."

The cause was submitted to the trial court as an agreed controversy under the provisions of section 846, Comp. Stat. 1921, and that court held the act violative of section 22, article 10, section 50, art. 5, and section 19, art. 10, of the Constitution, and it is this action of which Shirley complains.

It is necessary for us to pass upon only one of the questions presented, viz., Is the act in conflict with section 19, article 10 of the Constitution, which reads as follows:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

The act under consideration does not specify distinctly, or even inferentially, the purpose for which such tax is levied, as required by the aforesaid constitutional provision. Section 2 of the act is as follows:

"There is hereby levied in lieu of existing law a tax at the rate of one-tenth of one per cent, of all monies, certificate of deposit, or other evidence thereof, of any ind'vidual, copartnership or corporation, building and loan association, joint stock association or trust association in this state on the first day of January of each calendar year,' whether such money is in the personal custody of such owner or on deposit in any bank, trust company, building and loan association or other depository of money; provided, however, the provisions of this act shall not apply to moneyed capital in this state coming in competition with state and national banks as defined in the Act of Congress of March 4, 1924, nor to certificates of stock or evidence of deposit issued by building and loan associations."

It is obvious that this act attempts to levy an annually recurring tax, and inasmuch as the aforesaid constitutional provision is mandatory, the failure of the act to specify the purpose for which the tax is levied is fatal. Meyer et al. v. Lynde-Bowman Darby Co. et al., 35 Okla. 480, 130 Pac. 548; Commonwealth v. U. S. F. & G. Co., 121 Ky. 409, 89 S. W. 251; C. O. & S. W. R. Co. v. Commonwealth, 33 Ky. L. Rep. 882, 111 S. W. 334; Southern Ry. Co. v. Hamblen County, 115 Tenn. 526, 92 S. W. 238.

We refrain from passing upon the other questions presented, as what we have said disposes of the case.

The judgment of the trial court is affirmed.

All the Justices concur.