**CRAWFORD, Co. Treas., v. SMITH.**

No. 24110.   Opinion Filed March 7, 1933.

166

Hayson & Lukenbill and Gordon Stater, for plaintiff in error.

Shirk, Danner & Phelps, for defendant in error.

Lewis R. Morris, Co. Atty., B. C. Logdson, Asst. Co. Atty., Ben C. Arnold, and Fred Hanson, appearing specially on third proposition, amici curiae.

SWINDALL, J. This action was originally instituted in the district court of Oklahoma county, Okla., by Cragin Smith, as plaintiff, against J. O. Crawford, county treasurer of Oklahoma county, Okla., as defendant. The action is in mandamus. the plaintiff seeking to compel the defendant, as county treasurer, to pay a certain salary warrant regular in form, drawn on the county treasurer of Oklahoma county and payable to Cragin Smith or order for salary as deputy county assessor of Oklahoma county. Upon trial of the cause in the district court, judgment was rendered in favor of the plaintiff and a peremptory writ of mandamus issued. The defendant has appealed and assigns several errors to secure a reversal of the judgment of the trial court. However, the validity of the warrant and judgment of the trial court depends only upon the constitutionality of chapter 130, Session Laws 1929 [O. S. 1931, sec. 8196]. the title and section 1 of which are as follows:

"An act authorizing certain county officers, in counties having a population of 110,000 or more, as shown by the last general federal census, to appoint deputies in said offices, by and with the consent of the county commissioners, the salaries of said deputies to be fixed by the county commissioners, repealing all laws in conflict herewith, and declaring an emergency.

"Section 1. In all counties having a population of 110,000, or more, according to the last preceding general federal census, the county treasurer, county clerk, court clerk, county superintendent of public instruction and county assessor are hereby given the power and authority to appoint, by and with the consent (sic) of the board of county commissioners, one or more deputies if the board of county commissioners consider such deputies necessary, and the board of county commissioners is hereby given the power and authority to fix the compensation of such deputies, such compensation in no case to be more than two hundred ($200.00) dollars per month."

Section 2 repeals all acts and parts of acts in conflict therewith, and section 3 declares an emergency.

The defendant contends that said chapter 130, Session Laws 1929, is unconstitutional and void, and violative of the general laws of the state of Oklahoma, and violative of the Constitution of the state of Oklahoma, particularly the following provisions thereof:

| Sec. 32, | Art. | 5 | Sec. 19, | Art. | 10 |
| " 57, | " | 5 | " 25, | " | 10 |
| " 59, | " | 5 | " 26, | " | 10 |
| " 14, | " | 10 | " 28, | " | 10 |

We know of no reason why said chapter 130, Session Laws 1929 [O. S. 1931, sec. 8196], should be held to be unconstitutional or invalid. It is a law of a general nature passed by the Legislature for the whole state, and is not applied by the Legislature to any particular locality thereof, and has no words prohibiting its operation in any particular locality. It is a law having a uniform operation throughout the state.

At the time this law was enacted by the Legislature it is conceded that Oklahoma county was the only county in the state having a population of more than 110,000 according to the last preceding federal census. The federal census of 1930 placed Oklahoma and Tulsa county under the act.

Section 59, article 5, of the Constitution of Oklahoma provides that:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

This court had occasion to consider this section of the Constitution in Anderson v. Ritterbusch, County Treasurer, 22 Okla. 761, 98 P. 1002, wherein the court said:

"Whenever a law of general nature is passed by the Legislature for the whole state, and is not applied by the Legislature to any particular locality thereof, and has no words prohibiting its operation in any particular locality thereof, it is a law having uniform operation throughout the state, within the meaning of said constitutional provision [section 59. art. 5 (Bunn's Ed. sec. 132), of our Constitution]. although it may not practically have operation in every part of the state."

Section 17, article 2, of the Kansas Constitution reads:

"All laws of a general nature shall have uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted."

In Noffzigger v. McAllister, 12 Kan. 315,

the question before the court was the validity of a law providing that the board of county commissioners of any county might, upon a petition of a majority of the qualified electors of any township, make an order that all persons owning domestic animals of any kind should keep them confined during the nighttime, etc. It was claimed that this act was repugnant to the above section of the Kansas Constitution. That court, in a very able opinion delivered by Mr. Justice Valentine, discussing the proposition, says:

"Neither is this act in contravention of section 17 of article 2 of the Constitution. It was enacted for the whole state, and for every part thereof. Any township in the state may come within the provisions of article 1 of the act or any township may remain out. In this respect the act resembles many other acts which depend for their practical operation upon the discretion of the county board, or the people, or the happening of certain contingencies. * * * Whenever a law of a general nature is passed by the Legislature for the whole state, and is not applied by the Legislature to any particular locality thereof, and has no words prohibiting its operation in any particular locality, it is a law having a uniform operation throughout the state, within the meaning of said constitutional provision, although it may not practically have operation in every part of the state."

In the case of Springfield Gas & Electric Co. v. City of Springfield, 292 Ill. 236, 126 N. E. 739, 18 A. L. R. 929, the Illinois court held that:

"A law is not local or special in the constitutional sense if it operates in the same manner upon all persons in like circumstances."

And in the body of the opinion, at page 940 of 18 A. L. R., we find this language:

" 'A law general in its character may extend only to particular classes and not be obnoxious to the provisions of the Constitution if all persons of the same class are treated alike under similar circumstances and conditions.' * * * A law is general, not because it embraces all the governed, but that it may from its terms, when many are embraced in its provisions, embrace all others when they occupy like positions to those who are embraced. Such a law must be based upon some substantial difference between the situation of a class or classes and another class or classes to which it does not apply."

In the case of J. D. King v. Commonwealth of Kentucky ex rel. C. E. Smith, Commonwealth Attorney, 194 Ky. 143, 238 S. W. 373, 22 A. L. R. 535, the Kentucky Court of Appeals announced the rule as follows:

"Laws which apply to and operate uniformly upon all members of any class of persons, places, or things requiring legislation peculiar to themselves in the matters covered by the laws in question, are general and not special. * * *

"Special legislation is such as relates either to particular persons, places, or things, or to persons, places, or things which, though not particularized, are separated by any method of selection from the whole class to which the law might, but for such legislation, be applied, while a local law is one whose operation is confined within territorial limits other than those of the whole state or any properly constituted class or locality therein."

In the case of City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, 35 A. L. R. 872, this court said:

"Laws of a general nature do not necessarily have to operate upon every locality in the state, but must apply equally to all classes similarly situated, and apply to like conditions and subjects." (Citing with approval Anderson v. Ritterbusch, supra.)

In the case of Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 P. 228, 27 A. L. R. 1008, the Criminal Court of Appeals of this state said:

"It is well settled that a statute which applies to all persons or things of a designated class uniformly throughout the state, omitting no person or thing belonging under that classification, is a general law within the meaning of the Constitution." (Section 59, art. 5.)

So, it appears to us that it is well-settled law in this state that the act complained of is a general law and not a local or special law. The act in no way violates sections 32 and 57 of article 5, or sections 14, 19, 25, 26, and 28 of article 10, of the Constitution.

It is insisted by the defendant that there are many more deputies employed in the assessor's office than is necessary to perform the duties of that office and that the estimate made by the county excise board for the purpose of employing deputies in the office is excessive, and that the taxpayers are required to pay excessive taxes to maintain the county government of Oklahoma county, and, for that reason, the act should be held to be unconstitutional. A similar contention was made by the plaintiff in the case of Veazie Bank v. Fenno, Collector of Internal Revenue, 8 Wall. 533, 19 L. Ed. 482, wherein the Supreme Court of the United States says:

"The first answer to this is that the judicial cannot prescribe to the legislative depart-

ments of the government limitations upon the exercise of its acknowledged powers. The power to tax may be exercised oppressively upon persons, but the responsibility of the Legislature is not to the courts, but to the people by whom its members are elected. So, if a particular tax bears heavily upon a corporation, or a class of corporations, it cannot, for that reason only, be pronounced contrary to the Constitution."

The language in the decision of the Supreme Court of the United States just cited was approved by the Territorial Supreme Court in Gay et al. v. Thomas et al., 5 Okla. 1, 46 P. 578. At page 9 of the opinion in the Oklahoma Reports we find the following:

"Within these rules and limitations the authority and power of the legislative department is absolute and conclusive.

"The ends sought to be reached by these general and fundamental rules and constitutional restrictions upon the powers of taxation are equality, uniformity, and justice in apportioning the burdens of government; but as the idea of exact equality, uniformity, or justice under any system of human laws being attainable is Utopian, it is not expected that such exactness can be attained in the exercise of the powers of taxation. Notwithstanding such fixed general rules and limitations, the discretion of the Legislature is very broad and its exercise may work injustice and oppression. If such discretionary power be threatened with abuse, security must be found in the responsibility of the Legislature that imposes the tax to the constituency that elected them. The judicial cannot prescribe to the legislative department of the government limitations upon the exercise of its acknowledged powers."

We are not passing upon the wisdom of the legislation, as it is for the Legislature and not this court to determine what legislation to enact so long as it acts within its acknowledged powers. Neither are we determining the number of deputies necessary to perform the duties in the office of the assessor, as under the law that question must be determined by the board of county commissioners of Oklahoma county in the instant case and is not an issue for the court to determine.

We are of the opinion that the law under consideration is a general law and that the plaintiff is entitled to the relief prayed, and that the judgment of the trial court was properly entered in his favor and should be, and the same is hereby, affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.