## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23887. Opinion Filed June 13, 1933.

Opinion on Rehearing July 12, 1933.
Rehearing Denied Oct. 3, 1933.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for plaintiff in error.

Lewis R. Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty., W. C. Lukenbill, and Hal C. Thurman, for defendant in error.

ANDREWS, J. This is an appeal by both the protestant and the protestee from a judgment of the Court of Tax Review sustaining the protest of the plaintiff in error as to some of the items protested and denying its protest as to some of the items protested. The items protested were for the fiscal year commencing July 1, 1931. Here-

inafter the parties will be referred to as protestant and protestee.

The protestant contends that there was error in denying its protest as to an item of $50,000 which was appropriated for additions and betterments to the Dunbar school building, a part of the separate school property under the control of the Oklahoma City independent school district, and that there was error in denying its protest as to an item of $300,000 appropriated for a site and building for a high school for the Oklahoma City independent school district for separate school purposes.

The protestee contends that the original ground of protest as to these two items was abandoned and that the grounds of protest now relied on by the protestant were included in an amended protest, and that for that reason the protest was properly denied. Such an amendment was authorized in the decision of this court in Protest of Chicago, R. I. & P. Ry. Co., 151 Okla. 129, 2 P. (2d) 935, and under the rule therein stated the amendment in this case is sustained. The issue in this case as to these items is involved in the case of Protest of Downing, cause numbered 24181, this day adopted (164 Okla. 181, 23 P. [2d] 173), and the determination of those issues in that case is controlling herein.

The protestant contends that there was error in denying its protest as to an item involving the Oklahoma City independent school district sinking fund. It contends that there was a surplus balance in that fund in excess of that found by the Court of Tax Review, and it says that the facts are not disputed. The facts are disputed, and the issue involves a question of fact. We do not find that the judgment of the Court of Tax Review on the question of fact is against the clear weight of the evidence. That judgment is affirmed. Protest of St. Louis-S. F. Ry. Co., 151 Okla. 126, 2 P. (2d) 944.

The protestee contends that there was error in sustaining the protest as to an item of $2,000 for salaries of sheriff's emergency deputies, as authorized by the provisions of chapter 330, S. L. 1929 [O. S. 1931, secs. 8197-8199]. The Court of Tax Review held that act to be special and void. The protestant concedes that under the rule stated in J. O. Crawford, Co. Treas., v. Cragin Smith, 162 Okla. 165, 19 P. (2d) 964, that judgment is erroneous. We so find and hold. The judgment of the Court of Tax Review as to that item is reversed.

The protestee contends that there was error in sustaining the protest as to an item of $7,100 for salaries of county commissioners. The issues involved are determined in Protest of Downing, supra.

The protestee contends that there was error in sustaining the protest as to an item of $800 for mileage of the county commissioners in attending the regular meetings of the board of county commissioners. We think that the issue is one of fact, and in view of the fact that an appropriation of $800 was made for the purpose of paying mileage at the rate of five cents per mile for attending meetings of the board of county commissioners, an amount sufficient to pay the mileage for 16,000 miles, we cannot say that the judgment of the Court of Tax Review is against the clear weight of the evidence. For that reason it is affirmed.

The protestee contends that there was error in sustaining the protest as to an item of $500 for compensation of county commissioners in overseeing the poor, an item of $180 for per diem of the county commissioners in overseeing roads and bridges, and an item of $1,800 for mileage of the county commissioners in overseeing roads and bridges. The issue as to those three items is involved and determined in Protest of Downing, supra.

The protestee contends that there was error in sustaining the protest as to an item of $6,300 for salaries of probation officers and probation clerk of the county judge. The protestant admits that, under the rule of law announced in J. O. Crawford, Co. Treas., v. Cragin Smith, supra, this judgment is erroneous. We so find and hold. The judgment of the Court of Tax Review on this item is reversed.

The protestee contends that there was error in sustaining the protest as to an item of $26,200 for salaries of highway patrolmen, an item of $7,300 for car expense of the same, and an item of $400 for office expense of the same. It bases its contention on the provisions of section 10319, O. S. 1931, and the decision of this court in Martin et al. v. Follis, 133 Okla. 162, 271 P. 672. We find nothing in either the statute or the decision cited which authorizes an appropriation for such purpose. We find no error in the judgment of the Court of Tax Review sustaining the protest as to those items. That judgment is affirmed.

The protestee appealed from the judgment as to an item of $2,000 for expenses

of the county superintendent of health, an item of $5,000 for radio equipment, and an item of $1,600 for the salary of a radio superintendent. In its brief it says that it stipulated in another cause that those items should not be appealed. The judgment of the Court of Tax Review with reference thereto is affirmed.

The protestee appealed from the judgment as to an item of $600 for the salary of the treasurer of the Oklahoma City independent school district. It now admits that that judgment is correct. We so find and hold. The judgment of the Court of Tax Review as to that item is affirmed.

The protestee contends that there was error in the judgment as to the items for salary of supervisor attending a meeting of the National Educational Association, salary of principal attending a meeting of the National Educational Association, salaries of medical directors, nurse service, medical supplies, salary of dentist, dental supplies, and for car services for the Oklahoma City independent school district. It is not necessary that we engage in an academic discussion as to those items. Suffice it to say that there must be a distinct legislative authority for every tax levy. In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997; Board of Com'rs v. Ryan, Co. Treas., 107 Okla. 278, 232 P. 834; Board of Com'rs v. State Board, 155 Okla. 183, 8 P. (2d) 732; El Reno Wholesale Groc. Co. v. Taylor, 87 Okla. 140, 209 P. 749; Protest of First Nat. Bank of Guthrie, 136 Okla. 141, 276 P. 766; Prince, Co. Treas., v. St. L.-S. F. Ry. Co., 110 Okla. 141, 237 P. 106, and In re Shirley, 122 Okla. 109, 251 P. 736. The argument of the protestee, if presented to the Legislature, might result in legislative authority for such expenditures. Our attention is called to no authority for the making of a tax levy for the purposes stated, and we know of none.

The protestee contends that there was error in sustaining the protest as to an item for salaries of school supervisors and salaries of school principals. Under the provisions of section 6875, O. S. 1931, the board of education of an independent school district is authorized to elect a superintendent and teachers. While there is no specific authority for the election of supervisors and principals, there is nothing in the statute which prevents an independent school district assigning to certain of its teachers the title of principal or supervisor, and the appropriation for salaries of teachers ought not to be defeated be-

cause the teachers are classified and some of them are called principals and some of them are called supervisors. There is nothing in the record to show that the duties of the principals and supervisors are any other than the duties that may properly be assigned by the board of education to teachers. The judgment of the Court of Tax Review as to those items is erroneous, and that judgment is reversed. However, in reversing this judgment, we do so after having heretofore held herein that there is no authority of law to make an appropriation for salaries of teachers while they are attending national conventions or associations.

The cause is remanded to the Court of Tax Review, with directions to enter judgment in conformity herewith.

It is further ordered that the time for filing a petition for rehearing herein is limited to ten days from this date.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. BUSBY, J., concurs in part and dissents in part. BAYLESS and WELCH, JJ., absent.

---

BUSBY, J. (dissenting). I dissent from that portion of the majority opinion construing section 4, chapter 194, Session Laws 1923 [O. S. 1931, sec. 10319], and in effect holding void $28,184.67 in warrants issued under the terms of that act for police patrol and equipment authorized by the board of county commissioners. This appears to be the sum issued in warrants for this purpose before the protests were filed. On September 25, 1928, this court held the act, supra, constitutional and announced the following principles of law in connection therewith: Syllabus parags. 2, 3, 4, and 5, Martin et al. v. Follis, 133 Okla. 162, 271 P. 672.

"Section 4, chapter 194, Session Laws 1923, provides: 'For the purpose of enforcing the provisions of this act, any peace officer or specially commissioned officer shall have authority to make arrests for the violations of any of the provisions of this act, and the board of county commissioners of any county is hereby given authority to commission special officers or patrolmen as peace officers to patrol public highways and they shall have authority to make arrests for the violations of any of the provisions of this act or any other act regarding motor vehicles or the usage of public highways or for other violations of law.' Held, the act authorizes all peace officers to enforce it and clothes the county commissioners with authority to commis-

sion special officers or patrolmen as peace officers to patrol public highways, which officers have authority to make arrests, not only for the violation of all laws relating to motor vehicles, but also authorizes such officers to make arrests for the violations of laws other than those relating to traffic regulations.

"In passing this act it was doubtless the intention of the Legislature, not only to regulate traffic upon the highways of the state, but to protect the traveling public from reckless drivers, robberies, and other unlawfull acts committed upon or near the highways, and to clothe the special officers with full authority to make arrests for any and all of these offenses.

"The act is not in violation of article 5, section 57, of the Constitution, which provides every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title.

"Every legislative act is presumed to be constitutional, and the court should not declare an act to be unconstitutional unless it is clearly so; and, if there is doubt, the expressed will of the Legislature should be sustained".

And in the body of the opinion we find these words:

"The act authorized all peace officers to enforce the act, and specially authorized the board of county commissioners to appoint special officers or patrolmen as 'peace officers' to patrol the public highways. With the many crimes that have in recent years been committed upon our highways, the Legislature would naturally authorize the peace officers to make arrests for these crimes."

As to remuneration, the act provides:

"Such arresting officer shall in addition to any remuneration as may be approved by the board of county commissioners receive one-fourth (1-4) of all fines and forfeitures derived through the violations of this or any other act regulating the use of motor vehicles on the public highways of this state, together with the statutory fees allowed constables, and the residue of any such fines or forfeitures shall be deposited with the county treasurer and placed to the credit of the county road maintenance fund. The board of county commissioners shall have such further authority as may by resolution of the board be determined upon as being necessary to properly regulate and enforce the provisions of this act".

Evidently the officials of Oklahoma county, after reading the decision of Martin v. Follis, felt that they had a right to rely on the pronouncements therein. It stated that the act in question was constitutional, and said that "it specially authorized the board of county commissioners to appoint special officers or patrolmen as peace officers to patrol the public highways". Act-

ing in good faith thereunder, a levy was made for a police patrol, cars, and radio equipment were provided as authorized by the board of county commissioners, and patrolmen were employed who went forth and risked their lives to uphold the law and preserve the peace. There is no contention that these men failed to do their duty, or that their services were unsatisfactory, or that any of the funds were improperly spent.

Approximately $28,184.67 in warrants were issued before any taxpayer protested. The effect of this decision is to hold these warrants void; that those who acted in good faith under the pronouncements in Martin v. Follis, did so at their peril. As a matter of equity I believe these warrants issued to the officers for services and for equipment in the approximate sum of $28,184.67 should not be invalidated. I concur in the remainder of the majority opinion.

On Rehearing.

SWINDALL J. It is contended by the county attorney on rehearing that the Court of Tax Review held that section 7858, O. S. 1931, and chapter 328, S. L. 1929, are both unconstitutional, and that the only valid statute under which the county commissioners of Oklahoma county can receive a lawful salary is section 7856, O. S. 1931, section 6423, C. O. S. 1921. In original opinion it is stated that:

"The protestee contends that there was error in sustaining the protest as to an item of $7,100 for salaries of county commissioners. The issues involved are determined in Protest of Downing, supra."

We held in Re Protest of Downing et al., 164 Okla. 181, 23 P. (2d) 173, that the bracket in section 7858, O. S. 1931, relative to the compensation of county commissioners in counties having a population of over 110,000 inhabitants is valid. So, the holding of the Court of Tax Review relative to that section is vacated. We are of the opinion, and hold, that the Court of Tax Review properly held chapter 328, S. L. 1929, unconstitutional. That act is clearly a local law. The supposed necessity on which an act is based, in order to avoid the constitutional inhibition against local or special laws must be practical and not imaginary, and a special situation such act is designed to meet must possess characteristics impossible of treatment by general legislation. St. Louis & S. F. Ry. Co. v. Bledsoe, County Treasurer, 7 F. (2d) 364.

See, also, authorities cited in Re Protest of Downing, 164 Okla. 181, 23 P. (2d) 173.

Petition for rehearing denied.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, McNEILL, and BAYLESS, JJ., absent.