**CHICAGO, R. I. & P. RY. CO. v. EXCISE BOARD OF OKLAHOMA COUNTY.**

No. 24941.    June 12, 1934.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Frank Wilkins, Lewis Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendant in error.

Suits & Disney, for cross-petitioner in error.

ANDREWS, J. This is an appeal by both the protestant and the excise board from a judgment of the Court of Tax Review sustaining the protest of the plaintiff in error as to some of the items protested and denying its protest as to some of the items protested. The items protested were for the fiscal year commencing July 1, 1932. The cause was not briefed in this court until after the beginning of the fiscal year commencing July 1, 1933. The parties hereinafter will be referred to as protestant and protestee.

The protestant's first contention is that there was error in denying its protest relating to the salary of the county attorney, county treasurer, county commissioners, county clerk, county superintendent, county assessor, court clerk, and county judge of Oklahoma county.

The excise board appropriated for the salary of the county judge and county attorney the sum of $5,000 each, and for the other elected officers named the sum of $4,000 each, under the authority of the provisions of chapter 328, Session Laws 1929. That act was construed by this court in Protest of Chicago, R. I. & P. Ry. Co., 164 Okla. 239, 25 P. (2d) 690, and Protest of Downing et al., 164 Okla. 181, 23 P. (2d) 173, after the judgment of the Court of Tax Review in this case. We hold that the protest should have been sustained and appropriations made in conformity with the provisions of section 7841, O. S. 1931, (chapter 166, Session Laws 1923), section 7858, O. S. 1931, and the rules stated in the decisions cited. That portion of the judgment is reversed and remanded, with directions to the Court of Tax Review to enter judgment accordingly.

The protestant contends that there was error in denying the fourth item of its protest involving the independent separate schools fund of Oklahoma county for Oklahoma City school district. The items of appropriation appealed from are:

| | |
|---|---|
| Physical Education Supplies | $ 500.00 |
| Salary Attendance Department | 1500.00 |
| Magazines and Supplies | 100.00 |
| Medical Director | 900.00 |
| Nurse Service | 1440.00 |
| Supplies for Nurse | 150.00 |

Concerning the items for medical director, salary for nurse service, and supplies for nurse, the protestee confesses error under the authority of Protest of Chicago, R. I. & P. Ry. Co., supra. The judgment of the Court of Tax Review as to those items is reversed and remanded, with directions to sustain the protest.

The item of $500 for physical education supplies is authorized. See section 6817, O. S. 1931, as to district schools, and sections 6894 and 6895, O. S. 1931, as to independent district schools. The school board of the independent school district is the board of the separate school district and is required under the provisions of sections 12674, 12676, and 12677, O. S. 1931, to make an estimate of needs of the independent district school, including the separate school. The judgment of the Court of Tax Review as to that item of the protest is affirmed.

As to the item of $1,500 for salary for attendance department, the judgment of the Court of Tax Review disallowing the protest is affirmed. Such an appropriation is authorized by section 7003, O. S. 1931.

As to the item of $100 for magazines and supplies, the purpose is not shown by the evidence. A protest of taxes which involves a question of fact must be supported by evidence. The judgment of the Court of Tax Review disallowing the protest is affirmed.

The third assignment of error presents error in denying the 29th item of the protest, which involves the general fund of the independent school district for:

| | |
|---|---|
| Salary of Medical Director | $4,380.00 |
| Nurse Services Salary | 6,710.00 |
| Medical Supplies | 1,125.00 |

The want of authority for these expenditures is shown by Protest of Chicago, R. I. & P. Ry. Co., supra, which is controlling. The judgment of the Court of Tax Review denying the protest as to those items is reversed and remanded, with directions to sustain the protest.

The protestee presented seven assignments of error in its cross-petition in error and only four in its brief. Thereby it waived the others.

The protestee contends that the Court of Tax Review sustained the protest as to the item of $2,000 for registration fees of vital statistics. The protestant contends that it was not sustained. The judgment does not disclose whether or not the item was sustained. Under the provisions of section 4515, O. S. 1931 (chapter 13, section 1, Session Laws 1923), that item should have been allowed. If the protest thereof was sustained, the judgment of the Court of Tax Review is reversed, with directions to deny the protest. Otherwise, it is affirmed.

The second assignment of error of the protestee relates to the action of the Court of Tax Review in sustaining the protest as to an item of $2,000 appropriated by the excise board for refunds by the board of county commissioners on tax sale certificates erroneously issued. It is contended by the protestant that the protest on that item was denied by the Court of Tax Review. Section 12749, O. S. 1931, is authority to sustain the contention of the protestee. If the protest was sustained by the Court of Tax Review, the judgment as to that item is reversed, with directions to deny the protest. Otherwise, it is affirmed.

The third assignment of error of the protestee relates to the action of the Court of Tax Review in sustaining the protest under items 12, 13, 15, 17 and 22 for the construction and maintenance funds, respectively, of Choctaw, Council Grove, Crutcho, Elk and Oklahoma townships. The protest was on the ground that the respective appropriations were not itemized.

Subdivision (e), section 12677, O. S. 1931, provides:

"The appropriations for townships shall be itemized so as to show in separate items the amount of funds appropriated; for salaries and compensation of officers; for office supplies, blank books, stationery and printing; for compensation of supervisors and road work, for building bridges, culverts and purchase of right of ways; for tools and equipment; for such other expenditures as may be necessary and authorized by law, but not herein enumerated."

The only itemization shown in the funds appropriated was: Construction $_____. Maintenance $_____. Itemization of county appropriations is required. C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48, and Grubb v. Smiley, Co. Treas., 142 Okla. 19, 285 P. 38. It is contended by the protestee that under the provisions of section 10195, O. S. 1931, the township is required to select from its township road system the roads to be dragged for one year; that by the provisions of section 10196, O. S. 1931, money appropriated to the township for construction and maintenance of roads may be expended at the discretion of the township board, or board of county commissioners where township government has been abolished, and that where the same is to be expended on the designated roads, it is not necessary that the appropriations be itemized.

The protestee relies upon the holding of this court in Protest of Chicago, R. I. & P. Ry. Co., 158 Okla. 135, 12 P. (2d) 902. No such designation as was there shown is shown in the items here protested.

In Protest of Chicago, R. I. & P. Ry. Co., 146 Okla. 23, 294 P. 169, this court held that:

'The drag fund for a township is a single item. It may be used for drag purposes only and no itemization is necessary.'

In Protest of St. Louis-S. F. Ry. Co., 149 Okla. 45, 299 P. 184, this court held:

"The provisions of section 10203, C. O. S. 1921, requiring the designating of dragable roads, and the appointment of the township superintendent, are directory and not prerequisite and jurisdictional to the right of the county excise board to levy a road drag tax of two mills for road drag purposes."

Since it is shown by the record that a separate item was approved for a drag fund, it is apparent that those authorities have no application. The judgment of the Court of Tax Review is affirmed.

The fourth assignment of error of the protestee relates to the action of the Court of Tax Review in sustaining the protest under item 4 of the levy for the sinking fund for paying annual installments on judgments against Oklahoma county.

The first of those judgments, cause numbered 71635, was for publishing proceedings of the board of county commissioners, as required by section 7687, O. S. 1931; for publication of financial statements, as required by section 12680, O. S. 1931; notice of meeting of equalization board, as required by section 12646, O. S. 1931; for publication of notice of sale of oil and gas leases by the board of county commissioners, as required by section 7664, O. S. 1931, and for publication of warrant calls, as required by section 5431, O. S. 1931. The petition was regular, and alleged that the amount prayed for "was within the limit of amount as prescribed by law," and that when the claim was presented for payment, the amount appropriated therefor had become exhausted and the claim disallowed for want of sufficient funds. Proper service was had and a general denial of each and all of the allegations of the petition was filed. The journal entry shows that the parties were present in court with their attorneys; that testimony was heard; that the allegations of the petition were found to be true, and that the court found that the defendant was legally and justly indebted to the plaintiff in the amount prayed for.

The protestant alleged that the appropriation was illegal, but did not allege or show that the judgment roll showed that the judgment was void. In so far as the judgment roll is concerned, the judgment is valid and not subject to collateral attack. Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500; Protest of St. Louis-S. F. Ry. Co., 157 Okla. 131, 11 P. (2d) 189. See, also, Henson v. Oklahoma State Bank, 165 Okla. 1, 23 P. (2d) 709. The judgment of the Court of Tax Review as to judgment in cause numbered 71635 is reversed and remanded, with directions to deny the protest.

The judgments in causes numbered 69754, 69509, and 69439 were based upon services rendered and supplies furnished in the hospitalization of indigent patients of Oklahoma county. The claims upon which the judgments were based were investigated and approved by the county welfare department, as authorized by section 7589, O. S. 1931. Each of the petitions stated a cause of action. Process was served and answers filed denying generally and specifically the allegations of the petitions. Hearings were had, evidence introduced, and the court found in each case that the plaintiff had proved the allegations of the petition and was entitled to judgment. The protestant did not allege that the judgments are void on the face of the judgment roll. It is not contended that any of the jurisdictional elements entering into the validity of any judgment was wanting. The protestant contends that the plaintiffs did not allege and that the court did not find that at the time the services were performed or material furnished, there was an appropriation for the payment of the same. Though a petition does not perfectly state a cause of action or allege sufficient facts to constitute a cause of action, a valid judgment may be rendered thereon. Henson v. Oklahoma State Bank, supra; Latimer et al. v. Haste, Adm'r, et al., 101 Okla. 109, 223 P. 879. In Lindeberg v. Messman, 95 Okla. 64, 218 P. 844, this court held:

"Where the district court had jurisdiction of the subject of the action, and of the parties, its judgment cannot be attacked collaterally on the ground that the petition in said action either defectively stated a cause of action, or failed to state one."

See Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15.

The judgment of the Court of Tax Review sustaining the protest against the levy to pay judgments in causes numbered 69754, 69509, and 69439, is reversed and remanded, with directions to deny the protest.

As to judgments in causes numbered 69540 and 69837, the judgment rolls show that there was no service of process in either case, but answers were filed for the defendant by the county attorney. The claims upon which the judgments were based were for food and lodging for poor and indigent persons purchased by the board of county commissioners. The trial court had no jurisdiction over the defendant. A county attorney has no jurisdiction to enter an appearance for a county. The invalidity of the judgments was shown by the judgment roll. The judgment of the Court of Tax Review is affirmed.

As to judgment in cause numbered 69493, the judgment roll shows that the claim was based upon a claim for electric current fur-

nished to the courthouse, jail, poor farm, and other institutions maintained and operated by Oklahoma county. The service was based upon a contract with usual schedule of rates for similar service. It was not alleged that an appropriation had been made in any sum to pay for the service to be rendered when the contract for service was entered into. The judgment roll further shows that the defendant board of county commissioners filed an answer admitting all of the allegations of the petition and confessing indebtedness in the full amount claimed, and alleging that the claim was disallowed because the appropriation therefor had been exhausted. The answer contained a request that the matter be "heard and determined immediately or at any time by the court without other or further notice to this defendant." There was, in effect, a complete waiver of notice. No service of summons was shown. Under the rule stated in Protest of Kansas City Southern Ry. Co., supra, the trial court did not have jurisdiction of the defendant and it was without authority to render the judgment.

The judgment of the Court of Tax Review is affirmed.

Judgment in cause numbered 69953 was based on an account of the Oklahoma City Service Company for laundry for the county farm. The judgment roll shows a petition in usual form, but no mention of an appropriation having been made. Answer was filed denying generally and specifically the allegations of the petition. A hearing was had and judgment rendered. There is nothing in the judgment roll to show that the judgment is void. It is not subject to collateral attack. Protest of Kansas City Southern Ry. Co., supra. The judgment of the Court of Tax Review thereon is reversed and remanded, with directions to deny the protest.

The cause is remanded to the Court of Tax Review, with directions to render judgment in conformity with the rules herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.