STATE ex rel. MURPHY et al. v. BOARD OF COM'RS OF OKLAHOMA COUNTY et al.

No. 27343.    Sept. 12, 1939.

Rehearing Denied Oct. 10, 1939.

Second Petition for Rehearing Denied Nov. 7, 1939.

B. M. Parmenter and Harlan Grimes, for plaintiffs in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, for defendant in error First National Bank & Trust Company of Oklahoma City.

Everest, McKenzie & Gibbens, for defendant in error Liberty National Bank of Oklahoma City.

Maurice M. Thomas, for defendants in error J. O. Crawford and National Surety Corporation.

Gordon Stater, for defendants in error Hartford Accident & Indemnity Company, New York Casualty Company, and Standard Surety & Casualty Company, sureties on the bond of County Treasurer, William F. Vahlberg.

Thurman & Thurman, for defendant in error Fidelity & Deposit Company of Maryland.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., for defendants in error Board of County Commissioners and William F. Vahlberg, County Treasurer.

WELCH, V. C. J. This is an appeal from the order and judgment of the district court of Oklahoma county sustaining demurrers of the several defendants to the petition of the plaintiffs, and rendering judgment for defendants.

The suit is for the recovery of money judgment as a consequence of alleged unauthorized expenditures of public funds of Oklahoma county.

One of the grounds of demurrer sustained by the trial court is that the petition does not state a cause of action.

The petition reflects the following:

In due time taxpayers filed a protest with the Court of Tax Review protesting a tax levy for financing appropriations made by the excise board of Oklahoma county for highway patrol purposes for the fiscal year 1931-32. The Court of Tax Review sustained the protest and canceled the appropriation amounting to some $33,900, and struck from the tax rolls the tax levy made for financing such appropriations.

Thereafter this court, upon appeal, affirmed such judgment. In re Protest of Chicago, R. I. & P. Ry. Co., 164 Okla. 239, 25 P.2d 690.

In the meantime warrants were issued by the defendants, board of county commissioners, against such appropriations in the total sum of approximately $33,000.

Certain of the said warrants were paid by various of the defendants, then county treasurer. The warrants were issued to many persons who are made parties defendant herein, and many of the warrants so issued were paid to them and for their benefit and many more of the warrants were purchased by the several banks, defendants, and reduced to judgment shortly after the aforesaid opinion of this court was handed down in the protest case. Such judgments in the approximate sum of $10,-000 were promptly reduced and such banks, defendants, now hold the refunding bonds.

Others of the warrants were likewise reduced to judgment in the approximate sum of $8,000 by a bank not party defendant herein, which judgment was subsequently paid to the Bank Commissioner of the state.

Numerous points of law are argued in the extensive briefs filed by the several parties, and we are favored by citation of many authorities. We conclude, however, that the case is controlled by the recent case of the Board of Education of Oklahoma City of Cloudman, 185 Okla. 400, 92 P.2d 837, decided since the filing of the briefs herein. The facts therein are in all material respects similar to the facts here, and the theory and conclusions of law therein announced are applicable and binding on the court here. It was concluded in that case that the issuing and paying officials of the school district, as well as the persons receiving the funds of the school district, were not liable, if the statute did not specifically prohibit the expenditure of funds for such purposes, and if the expenditure was made and received in good faith before the illegality of the expenditure was finally determined by the courts; and the fact that the expenditures are in excess of the income and revenue provided for the fiscal year does not change the rule. As was said in the Cloudman Case, supra, we know of no express statute or previous final adjudication expressly prohibiting the particular expenditures here made.

The author of this opinion dissented in the Cloudman Case, and still entertains the view that the rule in that case is not sound, but nevertheless recognizes that the rule of that case in its full extent must be regarded as binding on the court in this case, and for that reason it must be and is followed here.

True, in this case, the plaintiffs attempt to plead bad faith and conspiracy. These allegations relate to the action of the county attorney, the county commissioners, and the several banks in the matter of obtaining the judgments after this court had finally adjudicated the tax protest case. It is alleged that they withheld from the trial court in the suits on the warrants the fact that the appropriations had been held to be illegal and that same had been canceled. However, it is shown by this petition that the services had been performed and the warrants issued before the appropriations were declared illegal by this court, and therefore under the theory of law adopted in the Cloudman Case, supra, such facts were immaterial and the warrants were not as a matter of law illegally issued.

In view of the above conclusion, other questions urged in the briefs are not herein determined.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.