**STATE ex rel. MURPHY et al. v. JOHNSON, Bank Com'r.**

No. 27344. Sept. 12, 1939.

Rehearing Denied Oct. 10, 1939.

Second Petition for Rehearing Denied Nov. 7, 1939.

B. M. Parmenter and Harlan Grimes, for plaintiffs in error.

Milton B. Cope and James A. Rinehart, for defendant in error, Howard C. Johnson, Bank Com'r.

WELCH, V. C. J. This is an appeal from an order of the district court sustaining a demurrer to the petition and plea of intervention of taxpayers, who intervened in this liquidation action in the district court, and sought to establish a claim against the assets of Capitol State Bank of Oklahoma City, on account of certain money alleged to have been wrongfully and illegally collected by the Bank Commissioner from Oklahoma county.

One of the grounds of demurrer sustained by the trial court is that the petition does not state a cause of action.

The petition reflects the following:

In due time taxpayers filed a protest with the Court of Tax Review protesting a tax levy for financing appropriations made by the excise board of Oklahoma county for highway patrol purposes for the fiscal year 1931-32. The Court of Tax Review sustained the protest and canceled the appropriation amounting to some $33,-900, and struck from the tax rolls the tax levy made for financing such appropriations.

Thereafter, this court, upon appeal. affirmed such judgment. In re Protest of Chicago, R. I. & P. Ry. Co., 164 Okla. 239, 25 P.2d 690.

In the meantime certain warrants involved herein were issued by the defendant. board of county commissioners, against such appropriations.

The Capitol State Bank had acquired approximately $8,000 of such warrants, which were by the bank reduced to judgment shortly after the opinion of this court in the protest case, supra, was handed down, which judgment was held by the bank at the date of its insolvency.

After the Bank Commissioner took over

the bank he collected that judgment from Oklahoma county. Thereafter these taxpayers served notice and demand that the county commissioners sue to recover back the money, and upon failure so to do, then these taxpayers intervened and started this proceeding in an effort to recover back the money collected on these highway patrol warrants and penalty. The district court sustained a demurrer to that petition or plea in intervention, from which judgment these taxpayers present this appeal.

Numerous points of law are argued in the extensive briefs filed by the several parties, and we are favored by citation of many authorities. We conclude, however, that the case is controlled by the recent case of the Board of Education of Oklahoma City v. Cloudman, 185 Okla. 400, 92 P.2d 837, since the filing of the briefs herein. The facts therein are in all material respects similar to the facts here, and the theory and conclusions of law therein announced are applicable and binding on the court here. It was concluded in that case that the issuing and paying officials of the school district, as well as the persons receiving the funds of the school district, were not liable, if the statute did not specifically prohibit the expenditure of funds for such purposes, and if the expenditure was made and received in good faith before the illegality of the expenditure was finally determined by the courts; and the fact that the expenditures are in excess of the income and revenue provided for the fiscal year does not change the rule. As was said in the Cloudman Case, supra, we know of no statute or previous final adjudication expressly prohibiting the particular expenditures here made.

The author of this opinion dissented in the Cloudman Case, and still entertains the view that the rule in that case is not sound, but nevertheless recognizes that the rule of that case in its full extent must be regarded as binding on the court in this case, and for that reason it must be and is followed here.

True, in this case the plaintiffs attempt to plead bad faith and conspiracy. These allegations relate to the action of the county attorney, the county commissioners, and the bank in the matter of obtaining the judgment after this court had finally adjudicated the tax protest case. It is alleged in effect that they withheld from the trial court in the suits on the warrants the fact that the appropriations had been held to be illegal and that same had been canceled. However, it is shown by this petition that the services had been performed and the warrants issued before the appropriations were declared illegal by this court, and therefore under the theory of law adopted in the Cloudman Case, supra, such facts were immaterial and the warrants were not as a matter of law illegally issued.

In view of the above conclusion, other questions urged in the briefs are not herein determined.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.