ELIZA SATTERLEE, *et al.*, v. JOSEPH GRUBB.

OPENING JUDGMENT—*What Applicant Must Do.* Parties making application to open a judgment and be let in to defend, under the provisions of §77 of the civil code, in cases wherein the judgment has been rendered, without other service than by publication in a newspaper, must give notice of the application; file a full answer; offer to pay all costs, if required; and file an affidavit that they had no actual notice of the pendency of the action in time to attend court, and make a defense, all within three years after the rendition of such judgment. The notice served should state, that the application would be heard at a time stated to be within the three years, or as soon thereafter as it could be heard by the court. All matters and things required to be done, by the terms of the statute, by the parties who make such an application, must be done and performed within the three years.

*Error from Nemaha District Court.*

THE record shows that on December 20, 1859, *Joseph Grubb*, for value received, sold and assigned to *Robert C. Satterlee* a certificate of location and the warrant and the land therein described, which was duly recorded January 21, 1860. The land mentioned is described as follows, to wit: the north-

west quarter of section twelve, township five, range fourteen, in Nemaha county, Kansas. On January 30, 1860, Joseph Grubb sold and quitclaimed, by deed duly executed, acknowledged and delivered to Robert C. Satterlee, for a valuable consideration mentioned in said deed, the land above described. This deed was filed for record March 4, 1860, and duly recorded in book "A," page 479, in the office of the register of deeds of Nemaha county. This title of record remained vested in the name of Robert C. Satterlee, and was not disturbed in any way until 1881. Robert C. Satterlee died in 1861. Joseph Grubb, by reason of some pretended claim of ownership in said land, always paid the taxes thereon, and no tax title or lien for taxes is outstanding against it.

On April 2, 1881, Joseph Grubb filed his petition and exhibits in the district court of Nemaha county against these plaintiffs in error and a large number of other defendants, to quiet title to the premises above described, as against these plaintiffs in error; and also to quiet title to some other tracts of land, with which these plaintiffs in error have nothing to do; and also praying the court to set aside these conveyances by Joseph Grubb to Robert C. Satterlee, because they were alleged to be fraudulent, forged, and void. Personal service could not be made on these plaintiffs in error, and summons was served by publication thereof in a newspaper. On October 17, 1881, said action came on to be heard, and Joseph Grubb obtained his decree quieting title to said premises, and a further judgment that the conveyances from Joseph Grubb to Robert C. Satterlee were false, forged, and fraudulent ; and the same were annulled and set aside, these plaintiffs in error being in default. On October 16, 1884, the plaintiffs in error instituted proceedings to open said judgment and set it aside, and to permit them to be let in to defend. This application the court denied and overruled on October 24, 1885. This ruling plaintiffs in error bring to this court for review.

*Frank G. White,* for plaintiffs in error.

*Conwell & Wells,* for defendant in error.

Opinion by SIMPSON, C.: The judgment sought to be opened by virtue of the provisions of § 77 of the code, was rendered on the 17th day of October, 1881. It was rendered on no other service than by a notice of publication in a newspaper. The three years within which proceedings to vacate are limited, expired on the 17th day of October, 1884. On the 16th day of October in that year, the defendants in the action filed in the clerk's office a motion, signed by their attorneys, to open the judgment, and be allowed to defend in the action, assigning various causes therefor; and among them are, that the only service made upon the defendants was by publication in a newspaper; that they had no actual notice of the pendency of the suit in time to appear and make a defense. The filing of this motion was all that was done by the defendants within three years from and after the rendition of the judgment. A notice was served on the plaintiff, Joseph Grubb, at Greencastle, in the state of Indiana, on the 10th day of November, 1884, by registered letter, containing a true copy of the motion filed, and notifying him that said motion would be called for hearing upon the first day of the ensuing term of the district court of Nemaha county, or as soon thereafter as the case could be heard. On the 16th day of April, 1885, an affidavit of Eliza Satterlee was filed for herself and the unknown heirs of Robert Satterlee, reciting that the judgment rendered against herself and her children on the 17th day of October, 1881, was upon no other service than by publication in a newspaper; that during the pendency of this suit neither she nor the children of Robert C. Satterlee had actual notice thereof in time to appear in court and make their defense, and in fact had no notice of it until September, 1884. On the 26th day of May, 1885, the defendants filed their answer to the original action, but the record does not disclose why the answer was not sooner filed, or that when it was, it was so filed by leave of the court, or in pursuance of some previous arrangement among counsel, or by some order of the court.

Adopting the language of Judge BREWER in *Albright v. Warkentin*, 31 Kas. 442, we think that when the non-resident defendant seeks to open a judgment and be let in to defend, under the provisions of § 77 of the code, three things are imperatively required by the express terms of the section: First, that the applicant give notice; second, that he file a full answer, and if required by the court, pay all costs, that is, in his answer proffer to pay all costs if the court so require; and third, that he make it appear to the satisfaction of the court by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. We think that the service of the notice, the filing of the answer with a proffer to pay costs if required, and the filing of the affidavit of the want of actual notice of the pendency of the action in time, should each and all be done and performed within three years after the date of the judgment, in order to comply with the requirements of that section. The notice should fix a time for the hearing of the application, within the three years. It may be that there will be no term of the court in session at that time, and because of that, the usual declaration in notices of this character ought to be added, "or as soon thereafter as the same can be heard." This ruling requires that the parties who seek to open up a judgment, and be let in to defend, must perform every act required of them by the terms of the statute, within the three years. As to matters over which they have no control, such as terms of court that are fixed by law, or no term being held, by reason of the absence or sickness of the judge, or for other reasons, they are not to be held accountable for, but as to all matters that require some affirmative action on their part, they must fully perform within the three years.

It was held in the case cited, "that the application may be made as a matter of legal right, and when a party brings himself clearly within the statute, the court has no discretion in the matter, but must grant the application." If it is a strict legal right, the party who seeks to exercise it must bring himself clearly and unequivocally within the terms of the statute

granting the right. · This has not been done; not one of the three absolutely indispensable prerequisites of the statutes has been complied with. All that was done is, that the day before the limitation expired, a motion to vacate was filed in the clerk's office; no notice served for more than twenty days thereafter; no answer filed for months; and no affidavits for weeks; no offer to pay costs ever made; and no averment in the affidavit that was filed of a meritorious defense.

If the other causes assigned for the vacation of the judgment, and so vigorously urged by counsel for plaintiffs in error, are good, and if it is true the court had no jurisdiction, the judgment is void, and can be vacated at any time on motion. We shall not consider them now, because the record does not show that they were ever presented to or passed upon by the court below.

There is no error in the ruling of the court, and we recommend its affirmance.

By the Court: It is so ordered.

All the Justices concurring.