ELLA D. STEWART *et al.* v. MARTIN SCULLY.

JUDGMENT BY DEFAULT — *Setting Aside — Terms.* Where a defendant applies to have a judgment which was rendered without other service than by publication opened up, and that he be permitted to make a defense, he may in the discretion of the court be required to pay all costs before his application will be granted; but a formal offer by answer or otherwise to pay costs is not a prerequisite to the hearing or granting of the application.

*Error from Sedgwick District Court.*

THE case is sufficiently stated in the opinion.

*Hallowell, Hume & Gordon,* for plaintiffs in error.
*J. V. Daugherty,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to reverse a ruling of the district court of Sedgwick county opening up a judgment rendered May 12, 1887, quieting the title to two lots in the city of Wichita. The judgment was rendered without other service than by publication, and the defendant made an ap-

plication, under § 77 of the code, to have the judgment opened and to be let in to defend, and he supported his application by an affidavit setting forth the nature of his title to the lots; that at all times during the pendency of the action he was a resident of Washington territory, and absent from Kansas, and that he had no actual notice of the commencement or pendency of the action; and, further, that he had paid the taxes assessed on the property ever since he had acquired title thereto. He also presented a full answer to the petition of the plaintiffs, denying every allegation therein except that of possession by plaintiffs, alleging that he was the exclusive owner of the legal and equitable estate in the property in controversy and entitled to its immediate possession. Due notice of the application and the hearing thereon was given on February 28, 1888. An order was made vacating and opening up the judgment, and permitting the defendant to file his answer to the plaintiffs' petition. Subsequently, the cause came on for final trial, and judgment was given, dismissing the plaintiffs' action to quiet title, and adjudging that Martin Scully was the owner and entitled to the immediate possession of the real estate.

The only objection to the regularity of the proceedings in opening up the judgment is, that the defendant failed to proffer payment of costs in the answer which he filed. The objection cannot be sustained. Neither the proffer nor the payment of costs is indispensable to the opening up of a judgment under the provisions of § 77 of the civil code. Notice of the application, proof by affidavit to the satisfaction of the court that there was no actual notice of the action and time to appear to make a defense, and presentation of a full defense to the petition, are prerequisites, but costs are not to be paid unless the court hearing the application requires payment. *Satterlee v. Grubb*, 38 Kas. 234, is cited as sustaining the claim of the plaintiffs; but, while the language of the opinion may give some reason for the claim, it was not intended to hold that the offer to pay costs was a prerequisite to the hearing and determination of the application. We can-

not add to the statutory requirement, which only requires the applicant to "pay all costs if. the court require them to be paid." Even if a formal offer to pay costs was necessary, it would be immaterial in the present case, for it is conceded that the court may in its discretion open the judgment and permit the defendant to come in and make a defense without the payment of costs; and this having been done, the matter of a preliminary offer is now of little consequence. The court hears such an application after notice, upon the affidavit of the applicant and any counter-affidavits that may be filed, and, if it appears that the judgment was rendered without other service than by publication in a newspaper, and that the answer or defense presented is a sufficient one, determines that it shall be opened, and also whether under the circumstances the applicant should be required to pay costs as a condition of granting the relief asked. The court does not and cannot well determine whether the payment of costs should be required as a condition precedent to the opening of a judgment until the hearing of the application is had and the facts in the case are developed. If it was shown that the applicant had no notice whatever of the commencement or pendency of the action, and had a good defense thereto, and that he had promptly and without delay presented his application to the court upon learning of the rendition of the judgment, there would be little reason for the court to require the payment of costs. On the other hand, if it should appear that he had delayed in presenting the application after learning of the judgment, or if it was doubtful whether or not he had a sufficient defense, the court might then be justified in requiring the payment of costs. An offer to pay costs, however, need not be made until it has been determined that payment will be required. If payment is required, the defendant cannot proceed until it is made; but if no such condition is imposed, then an offer is useless. Under the code, the payment of costs before the opening of a judgment rests in the discretion of the court, and in the exercise of that discretion the court in the present case has not required the payment of costs as a pre-

requisite to the opening of the judgment; and hence the objection of the plaintiffs must be overruled.

Judgment affirmed.

All the Justices concurring.