HILL *et al.* v. PERSINGER *et al.*

No. 6702. Opinion Filed May 9, 1916.

(157 Pac. 744.)

1. **APPEARANCE—What Constitutes—Motion to Vacate Judgment.**
Where the defendants are served by publication in an action to quiet title and a decree is entered according to the prayer of the petition, an appearance by motion to vacate and set aside the decree, based upon both jurisdictional and nonjurisdictional grounds, will be deemed and held a general appearance, and any defects in the service are waived, and the decree entered thereon validated.

2. **JUDGMENT—Default Judgment—Sufficiency of Pleading.** Where the court has jurisdiction of the person and subject-matter, a decree entered upon default is not void if the petition contain sufficient allegations to challenge a judicial examination.

3. **SAME—Vacation—Time for Proceeding.** Under section 4728, Rev. Laws 1910, the motion to vacate the decree and the notice served upon the adverse parties should be done and performed within three years after the date of such decree in order to comply with the requirements of such section.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by James H. Persinger against Nancy Emma Graham and others. Judgment for plaintiff, and defendants Ellen R. Hill and others, as heirs, bring error. Affirmed.

*Geo. T. Webster,* for plaintiffs in error.

*J. M. Shackleford,* for defendant in error.

Opinion by RITTENHOUSE, C. In September, 1908, plaintiff, James H. Persinger, purchased the east half of the northeast quarter and the east half of the southeast quarter of section 6, in township 12, north of range 18, west of the Indian Meridian, from John R. Graham, who

procured title by will from his mother, Mary M. Graham. In April, 1910, Persinger instituted this suit to quiet title and procured service on the known and unknown heirs of Mary M. Graham by publication. A decree was entered quieting title in James H. Persinger on June 23, 1910. On July 24, 1913, the heirs filed a motion to vacate the decree on the grounds: (1) That the petition does not state facts sufficient to constitute a cause of action; (2) no legal service of summons or notice was made upon them; (3) that the court had no jurisdiction or authority to enter a decree; and (4) that during the pendency of the action they had no actual notice thereof in time to appear and make their defense. This motion was overruled, and the cause brought here for review.

It will be observed that the parties against whom this decree was entered moved to vacate the same upon the grounds that the court had no jurisdiction and because the petition did not state facts sufficient to constitute a cause of action. In presenting the motion to vacate the decree on both jurisdictional and nonjurisdictional grounds, defendants entered a general appearance, and any defects in the service were waived and the decree validated. *Ziska v. Avey*, 36 Okla. 405, 122 Pac. 722; *Willet et al. v. Blake et al.*, 39 Okla. 261, 134 Pac. 1109. This motion gave the court jurisdiction of the person of the defendants, and in that respect validated the defective service. That the district court has jurisdiction of suits to quiet title cannot be questioned.

The next question urged is that the petition does not state facts sufficient to constitute a cause of action, and therefore the judgment is void. We do not think the question is presented by the record. The petition contained

allegations that the plaintiff was the legal owner of the premises and in the actual and peaceable possession thereof; that he derived his title through John R. Graham, who received his title through the will from his mother, Mary M. Graham; that the defendants' claim to said title constituted a cloud upon the plaintiff's title. These facts are sufficient to challenge judicial examination thereof. At most the petition is merely defective, and a defective petition does not render the decree void. If the court made an erroneous finding based upon the facts alleged, the same would not be grounds for holding the judgment void. The petition in the instant case is sufficient to give the court jurisdiction. *Hodgin et al. v. Barton*, 23 Kan. 740; *Bryan v. Bauder*, 23 Kan. 95.

It is next urged that this motion is brought under section 4728, Rev. Laws 1910, to vacate the decree on the grounds that the service was procured by publication, and that the defendants had no notice of the proceedings during the pendency of the action in time to have appeared in court and defended. Under this section, such a motion does not raise any question as to the regularity of the decree, but is a right given the party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, to have the same opened, provided: (1) That the same be done within three years after the date of the judgment or order; (2) upon giving notice to the adverse parties of his intention to make such application; (3) filing full answer to the petition; (4) paying all costs if the court require them to be paid; and (5) making it appear to the satisfaction of the court by affidavit or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. The decree

quieting title was entered June 23, 1910. The motion to vacate the decree was filed July 24, 1913, the hearing set for August 13th, and the order was entered February 12, 1914, denying the motion to vacate. It is apparent that the proceedings were not had within the statute of limitation as provided by section 4728, *supra*. But it is insisted that the petition filed in cause No. 743, asking for a partition of the premises among the heirs, was filed in the same court on June 23, 1913, and in that suit reference is made to the vacation of the decree in the instant case, that the proceeding was thereby commenced by the filing of such petition within the statutory time. In this contention there is no merit. The petition to partition this land was filed in an entirely separate and distinct suit, and no attempt was made to comply with the statute under consideration.

If it were conceded that the petition filed in cause No. 743 was sufficient to raise the question, yet section 4728 contemplates that the notice should give time for the hearing of the application within the three years. This statute was taken from Kansas and was construed prior to its adoption in the case of *Satterlee et al. v. Grubb*, 38 Kan. 234, 16 Pac. 475, wherein the court said:

"We think that, when the nonresident defendant seeks to open a judgment and be let in to defend, under the provision of section 77 of the Code, three things are imperatively required by the express terms of the section: First, that the applicant give notice; second, that he file a full answer; * * * and, third, that he make it appear to the satisfaction of the court by affidavit,—that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. We think that the service of the notice, the filing of the answer with an offer to pay costs, if required, and the filing of the affi-

davit of the want of actual notice of the pendency of the action in time, should each and all be done and performed within three years after the date of the judgment, in order to comply with the requirements of that section. The notice should fix a time for the hearing of the application within the three years."

The cause should be affirmed.

By the Court: It is so ordered.