## LATIMER et al. v. HASTE, Adm'r, et al.

No. 14201—Opinion Filed Feb. 19, 1924.

(Syllabus.)

**1. Appearance—Motion to Vacate Judgment on Nonjurisdictional Ground — Denial of Motion.**

A motion to vacate a personal judgment on the ground that it is void because per-

sonal service was not procured on the defendant, which asks ror relief on nonjurisdictional, as well as jurisdictional grounds, constitutes a general appearance in the case which relates back to the time of the trial, and the defendant was not entitled to have such judgment vacated under section 817, Comp. Stat. 1921, and the motion containing no allegations sufficient to entitle defendant to relief under subd. 3, sec. 810, Comp. Stat. 1921, was properly denied.

**2. Judgment—Amendable Defects—Petition to Vacate After Term.**

A judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition, and will not be vacated for such reason upon petition filed by defendant after the term. It is sufficient that the allegations in the petition challenge a judicial inquiry.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Petition by S. R. Latimer and others to vacate judgment in favor of John A. Haste, administrator of estate of Curtis T. Wade, and another. Petition denied, and petitioners bring error. Affirmed.

H. B. Martin and W. J. Scott, for plaintiffs in error.

Jno. T. Young and John A. Haste, for defendants in error.

COCHRAN, J. On August 12, 1922, a petition was filed by Oscar W. Lovan, India J. Lovan, S. R. Latimer, and Mrs. S. R. Latimer, to vacate a judgment rendered in the district court of Murray county, on December 9, 1920, in favor of W. W. Wade, administrator, as plaintiff, and State National Bank of Ardmore, as cross-petitioner. On February 25, 1922, the petition to vacate was denied and the petitioners have appealed. The petition to vacate was filed under section 817, Comp. Stat. 1921, which provides:

"A void judgment may be vacated at any time on motion on the part of any person affected thereby."

The plaintiffs in error contend that the judgment is void because no service of summons was procured on the defendants Oscar W. Lovan and India J. Lovan, and because the cross-petition of the defendant State National Bank is insufficient in its allegations to give the court jurisdiction to render any judgment therein. In the brief of the plaintiffs in error the contention is made that Oscar W. Lovan and India J. Lovan were served by publication and made no appearance in the case, and that the court was without jurisdiction to render personal judgment against said defendants. Personal judgment was rendered

against Oscar W. Lovan, but not against India J. Lovan. The petition to vacate, which was filed on August 12, 1922, makes no complaint of the personal judgment rendered against Oscar W. Lovan, the allegation being as follows:

"The Honorable Court was without jurisdiction to render such judgment (a) because as to the defendant, India J. Lovan, no service of any character was had in said cause."

It also appears that on August 15, 1921, the defendant Oscar W. Lovan filed a motion to vacate the judgment and for a new trial, alleging both jurisdiction and nonjurisdictional grounds. This constituted a general appearance and validated the judgment which had theretofore been rendered. Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024. In Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365, the court said:

"A motion to vacate a judgment on the ground that it is void because of a defective affidavit for service by publication, which asks for relief on nonjurisdictional as well as jurisdictional grounds, but which contains no allegations showing that a gross injustice has been done by reason of the defendant not having had his day in court or that the judgment was erroneous in some manner other than by reason of having been entered without proper service, should be overruled as the motion constituted a general appearance in the case which related back to the time of the trial and contained no allegations sufficient to entitle the defendant to relief under subd. 3, sec. 810, Comp. Stat. 1921."

The motion to vacate on nonjurisdictional grounds entered the general appearance of Oscar W. Lovan as of the time of the trial, and the personal judgment rendered will not be vacated under section 817, supra, and the motion of August 12, 1922, containing no allegations sufficient to entitle defendant to relief under subd. 3 sec. 810, Comp. Stat. as construed in Griffin v. Jones, and Morgan v. Stevens, supra, it was not error for the trial court to deny the motion.

It is next contended that the judgment rendered for the State National Bank of Ardmore is void because the cross-petition was insufficient to give the court jurisdiction to render the judgment. In its cross-petition the defendant State National Bank alleged the execution of a note by Oscar W. Lovan and India J. Lovan, that default had been made on the payment of the note, that as a part of the same transaction the defendants executed a real estate mortgage to secure the payment of said note, but failed to describe the lands covered by the mortgage. The prayer of the cross-petition

was for judgment against Oscar W. Lovan for the amount due on the note, and that its mortgage lien be foreclosed and its rights in said property be adjudged superior to that of all of the other defendants therein. The cross-petition was defective in failing to describe the mortgaged property, and was also defective in not having attached a copy of the mortgage, but such defects do not render the judgment void. Numerous authorities have been cited by the plaintiffs in error in which appeals were taken from judgments rendered on defective pleadings, but those authorities have no application where the attack made on the judgment is by petition filed after the term at which the judgment was rendered. The rule in such cases is announced in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, as follows:

"A judgment rendered by a court having jurisdiction is not void on account of amendable defects or insufficiency in the petition and will not be vacated for such reason upon petition filed by defendant after the term. * * * It is sufficient that the allegations in the petition challenge a judicial inquiry."

The trial court properly denied the petition to vacate the judgment, and the judgment so rendered should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, HARRISON, and LYDICK, JJ., concur.