## HENSON v. OKLAHOMA STATE BANK.

No. 20778. July 12, 1933.

Wimbish & Wimbish, for plaintiff in error.

L. H. Harrell, Robert S. Kerr, and Aubrey M. Kerr, for defendant in error.

WELCH, J. This action, as cause No. 9649 in the trial court, was to quiet title to real estate, being certain town lots in the town of Roff. The plaintiff deraigned his title thereto, and alleged that the defendant claimed some interest therein by virtue of a judgment against a former owner of an undivided one-half interest therein, one B. F. McKelvy. Plaintiff alleges that this judgment against B. F. McKelvy is void, and that said invalidity is shown by the judgment roll in the cause wherein such judgment was rendered, in that the cross-petition of the Oklahoma State Bank, upon which the judgment was rendered, was wholly insufficient. The defendant demurred to the plaintiff's petition on the ground that it did not state a cause of action in favor of the plaintiff, Henson. The trial court sustained the demurrer and rendered judgment dismissing the action. The plaintiff appealed to this court.

The facts are that some years prior to the filing of this action, the Oklahoma Farm Mortgage Company filed its action as cause No. 6097 to foreclose a real estate mort-

**2**

gage executed by T. W. Chadwick and Margaret Chadwick on certain farm lands in Pontotoc county, naming as defendants the said mortgagors, and B. F. McKelvy, W. P. Weston, the Oklahoma State Bank, and numerous other defendants, alleging in substance the execution of the note and mortgage by the mortgagors, and that the other defendants claimed some right, title, or interest in the said farm lands. B. F. McKelvy filed in said foreclosure action his disclaimer of any interest whatever in the said farm lands. Thereafter the Oklahoma State Bank filed in said foreclosure action its answer. The personal judgment rendered against B. F. McKelvy must stand or fall upon the sufficiency or insufficiency of this answer to invoke the jurisdiction of the court to render such a personal judgment, and for that reason the answer is set out here in full as follows:

"State of Oklahoma, County of Pontotoc, ss.

"In the District Court.

"Oklahoma Farm Mortgage Company, Plaintiff, v. T. W. Chadwick et al., Defendants. No. 6097.

"Separate Answer of Oklahoma State Bank.

"Comes now the defendant, Oklahoma State Bank, and states to the court that its codefendant, W. P. Weston, is justly indebted to said defendant bank in the approximate sum of $4,000, and that to better secure said indebtedness the said Weston, on the 25th day of March, 1921, made, executed, and delivered to this defendant, an assignment of a mortgage, which the said Weston held against B. F. McKelvy and C. A. McKelvy for the sum of $2,300, covering the lands sought herein, which said assignment is now of record in the office of the county clerk of Pontotoc, Okla., in mortgage record 46, at page 368 thereof: a true and correct copy of said assignment being attached hereto marked 'Defendant's Exhibit A' and made a part hereof.

"And defendant now states: It recognizes the facts to be that the mortgage of plaintiff is superior to any right, title, or interest that this defendant may have in and to said property and that in case there is any surplus over and above the amount it takes to pay the mortgage of plaintiff after selling the land that the same be paid to this defendant bank.

"Wherefore, the defendant, Oklahoma State Bank, prays judgment of the court that this defendant has a valid and subsisting lien upon the real estate described in this action subject to the first lien of plaintiff and that in case of the sale of the real estate herein to pay the judgment of plaintiff that the surplus after having made said payment be paid to the Oklahoma State Bank and by it applied upon the indebtedness of the said W. P. Weston and that defendant have all general relief.

"McKeown, Green & Green,

"By C. F. Green

"Attorney for defendant, Oklahoma State Bank."

Attached to the separate answer of the Oklahoma State Bank as exhibit "A" and made a part thereof is the following document:

"Assignment of Mortgage."

"Know All Men by These Presents:

"That W. P. Weston, the mortgagee named in a certain mortgage bearing date of the 2nd day of February, 1920, made and executed by B. F. McKelvy and C. A. McKelvy, his wife, on the following described real estate situated in the county of Pontotoc, state of Oklahoma, to wit:

"The west half of the southwest quarter of the northeast quarter, and the east half of the southeast quarter of the northwest quarter, and the northeast quarter of the southwest quarter, and the west half of the southeast quarter of the southwest quarter, and the west half of the southwest quarter, and the southwest quarter of the northwest quarter, and the west half of the southeast quarter of the northwest quarter of section one (1), township three (3) north, range four (4) east.

"—Given to secure the payment of $2,300 and the interest thereon, and, duly filed for record in the office of the county clerk of Pontotoc county, Okla., on the 2nd day of February, 1920, and recorded in book _____ of mortgages, at page _____, for value received do hereby sell, assign, transfer, and convey all my right, title and interest therein and the notes, debts, and claim secured by said mortgage and the covenants therein contained to Oklahoma State Bank, Ada, Okla.

"Witness my hand on this day the 25th day of March, 1921.

"W. P. Weston."

—which assignment is duly acknowledged according to law.

Thereafter, without any further pleadings by the Oklahoma State Bank, or B. F. McKelvy in said cause No. 6077, a judgment was rendered generally in favor of the Oklahoma Farm Mortgage Company for debt and foreclosing its first mortgage on the farm lands in question, and further judgment was rendered in favor of the Oklahoma State Bank foreclosing its second mortgage set out in the answer above quoted, and further adjudging, "and that the defendant, Oklahoma State Bank, do have and recover of and from W. P. Weston, B. F. McKelvy, and C. A. McKelvy, the sum

of $1,000, with 10 per cent. interest from the 2nd day of February, 1920."

At the time this judgment was rendered against B. F. McKelvy, he owned an undivided one-half interest in the town lots in the town of Roff. Thereafter, he sold same to the plaintiff in this action, J. W. Henson, and thereafter Henson brought this action against the Oklahoma State Bank to quiet his title, and in particular to relieve his title of any claim on the part of the Oklahoma State Bank of a lien on said town lots for this judgment for $1,000 rendered against B. F. McKelvy. The plaintiff's petition alleges that the personal judgment in favor of the Oklahoma State Bank against B. F. McKelvy is void for the reason that the answer of the Oklahoma State Bank, upon which the personal judgment was rendered, did not state facts sufficient to constitute any cause of action against B. F. McKelvy, did not assert any claim whatever against B. F. McKelvy, did not seek any personal judgment against McKelvy, and did not in any manner advise McKelvy that any personal judgment would be or might be sought against him. To the petition of the plaintiff, Henson, there were attached copies of the pleadings in the former cause No. 6097, wherein the Oklahoma Farm Mortgage Company sought to recover debt, and to foreclose its real estate mortgage on the farm lands therein involved, such pleadings attached being the petition of the Oklahoma Farm Mortgage Company, the summons, the disclaimer of B. F. McKelvy of any interest in the farm lands involved, the answer of the Oklahoma State Bank, and the journal entry of judgment, all copied in full, and the petition of the plaintiff, J. W. Henson, alleged that at the time B. F. McKelvy filed his disclaimer, the Oklahoma State Bank had not yet filed its answer, and that B. F. McKelvy received no notice of the filing of the same; and that he made no further appearance in the cause and did not appear further for the reason that no relief was sought against him, and that he had no notice or knowledge of the rendition of a personal judgment against him until long after the rendition of the same.

For the purpose of the demurrer of the Oklahoma State Bank, the allegations of the petition of the plaintiff, Henson, are taken as true and the question is squarely presented whether, under the facts as alleged by the plaintiff, Henson, the personal judgment theretofore rendered in favor of the Oklahoma State Bank against B. F. McKelvy is void. It seems clear and to be conceded that, if that former judgment is

void, the plaintiff may quiet his title to the town lots in Roff as against any claim or lien on account of such judgment, while, upon the other hand, if such former personal judgment is voidable or irregular only, but not void, that in that event it will be good as against such collateral attack as this, and that the plaintiff, Henson, in such event could not prevail.

It is contended by the Oklahoma State Bank that this judgment against B. F. McKelvy is valid as against any collateral attack, and in support thereof the defendant cites several decisions of this court holding, in substance, that a judgment is good as against a collateral attack, although rendered upon a petition which is defective and does not state a cause of action against the defendant against whom the judgment is rendered. Hill v. Persinger, 57 Okla. 663, 157 P. 744; Welch v. Focht, 67 Okla. 275, 171 P. 730; Gibson v. Dizney, 72 Okla. 69, 178 P. 124; Wagoner v. Lucas, 79 Okla. 231, 193 P. 421. McDougal v. Rice, 79 Okla. 303, 193 P. 415; Bowling v. Merry, 91 Okla. 176, 217 P. 404; Lindeberg v. Messman, 95 Okla. 64, 218 P. 844; Latimer v. Haste, 101 Okla. 109, 223 P. 879.

An analysis of these and similar decisions of this court discloses that we have consistently held that when a petition is filed in a court of competent jurisdiction seeking relief which that court has authority to grant or deny, and such court obtains jurisdiction of the person of the defendant, a judgment may be rendered and the appropriate relief may be granted even in default, if the petition is sufficient to set the judicial mind in motion, or to challenge the attention of the court. And that, in order for the petition to be sufficient to set the judicial mind in motion, or to challenge the attention of the court, it is not necessary that the petition perfectly state a cause of action, or that it allege sufficient facts to constitute a cause of action, but that in every instance it is necessary that the allegations of the petition be sufficient to show that the plaintiff is entitled to some relief against the particular defendant, and that the petition must be sufficient to advise the defendant that some relief is sought against him, and must at least in some manner advise such particular defendant as to the nature of the relief claimed or demanded against him, or some part of the relief demanded.

This court, in Welch v. Focht, supra, said:

"We find the general rule obtaining to be that where the court is one having power to grant the relief sought and having the parties before it, the fact that the petition de-

fectively states a cause of action, or states it not at all, does not make the judgment void on collateral attack, but, on the contrary, if the relief demanded by the petitioner can be ascertained from the allegations in the petition, no matter how defective they are, or how many necessary ones are omitted, the judgment is not void on collateral attack. Chivers v. Board of County Commissioners of Johnston County, 62 Okla. 2, 161 P. 822, L. R. A. 1917B, 1296; 15 Ruling Case Law, sec. 339, p. 864; Altman v. School Dist. No. 6, 35 Or. 85, 56 P. 291, 76 Am. St. Rep. 468; Freeman on Judgments, sec. 33, pp. 116-118."

And in the same case this court quoted from Van Fleet on Collateral Attack as follows:

"There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands, the court having power to grant it in a proper case, jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient in law may be sufficient to 'set the judicial mind in motion,' and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack."

In Latimer v. Haste, supra, it was held that as against a collateral attack a judgment is not void if the petition upon which it was rendered was sufficient as to its allegations to challenge a judicial inquiry. We find no fault with this rule, but this judicial inquiry must certainly be in connection with the allegations of the petition, and can only be an inquiry into the rights of the plaintiff to have some relief which he specifically seeks against the defendant, or to which he is clearly shown to be entitled by the allegations of his pleadings. And the codefendant or the plaintiff may not have a judicial inquiry as to his right to a relief which he does not in any manner seek against a defendant, and which right or claim for relief is not in any manner presented by his pleadings.

In Standard Savings & Loan Association v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, this court said:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject-matter; (3) jurisdiction of the particular matter which the judgment professes to decide. * * *

" 'A judgment, which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time on motion of a party, or any person affected thereby. * * * And any collateral or subsequent proceeding dependent upon the validity of such judgment may, in like manner, be vacated upon proper motion by any person affected thereby."

When the Oklahoma State Bank filed its answer in cause No. 6097, it merely set up a second mortgage which it had acquired from W. P. Weston, and which had theretofore been executed by B. F. McKelvy, and it sought foreclosure of its second mortgage, but it sought no judgment or any relief whatever against B. F. McKelvy, and did not submit to the court for its determination any issue as to any claim or demand for any relief against B. F. McKelvy.

The court had jurisdiction of the parties, Oklahoma State Bank and its codefendant, B. F. McKelvy. The court also had "jurisdiction of the general subject-matter," for the court was a court of general jurisdiction, and the "general subject-matter" was the subject of claims of debt and lien, of which such court of general jurisdiction had complete jurisdiction. But as to the third requisite, "jurisdiction of the particular matter which the judgment professed to decide," there was no jurisdiction. The particular matter which the judgment against B. F. McKelvy professed to decide was the right of the Oklahoma State Bank to a personal judgment against B. F. McKelvy, and of that particular matter the court had no jurisdiction, because the pleadings of the Oklahoma State Bank did not claim any such right, made no demand for any such relief, nor for any relief against B. F. McKelvy, and did not state facts sufficient to show that it was entitled to any such relief. It may be that the short paragraph in the journal entry purporting to grant a personal judgment against B. F. McKelvy was inserted therein by mere inadvertence. Some weight is given that thought by the including in that paragraph of the name of C. A. McKelvy, who was not a party to the suit and whose name was not mentioned in the record, except in the answer of the Oklahoma State Bank above quoted, and in the paragraph of the

journal entry of judgment above quoted. But whether in the journal entry of judgment by mere inadvertence or otherwise, the judgment rendered against B. F. McKelvy was outside of any issue submitted or presented to the court in said cause No. 6097.

In Nero v. Brooks, 116 Okla. 279, 244 P. 588, the complete syllabus is as follows:

"A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, may be vacated and set aside at any time, on motion of a party, or any person affected thereby."

In Central National Oil Co. v. Continental Supply Co., 119 Okla. 190, 249 P. 347, this court considered the validity of a judgment rendered in a cause wherein the court had jurisdiction of the person of the defendant and of the subject-matter, but rendered a judgment in excess of the amount sought by plaintiff. This court held the judgment to be void as shown by the judgment roll, and announced the rule in these words in syllabus 2:

"A judgment which is without and beyond the issues framed by the pleadings and proof is in excess of jurisdiction, and unless the excessive part of said judgment can be readily separated from that which is within the jurisdiction, the entire judgment is void."

In Anglea v. McMaster, 17 Okla. 501, 87 P. 660, the court announced the rule in these words:

"A judgment which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time, on motion of a party, or any person affected thereby."

The Supreme Court of the United States follows the rule that one state is not required to give full faith and credit to a judgment rendered in a court of another state, which judgment is rendered in the absence of the defendant, and is not responsive to the issues presented by the pleadings, and that court states the rule in this language:

"The inquiry is: Had the court jurisdiction to the extent claimed? Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue. * * * A defect in a judgment, arising from the fact that the matter decided was not embraced within the issue, has not, it would seem, received much judicial consideration; and yet I cannot doubt that, upon general principles, such a defect must avoid a judgment." Reynolds v. Stockton, 140 U. S. 265, 35 L. Ed. 464.

In the instant case it is urged by the defendant in error, Oklahoma State Bank, that its personal judgment against B. F. McKelvy should be sustained under the rule that a judgment is not void because of amendable defects or insufficiency in the pleadings. This is a sound rule, but can have no application to this judgment. We observe authorities which do sustain judgments under this rule, but only in cases where the pleadings clearly show and advise as to the relief demanded, but imperfectly state the cause of action. Obviously such authorities can have no application to the judgment rendered against B. F. McKelvy upon the answer of the Oklahoma State Bank above quoted. In rendering this personal judgment for $1,000 against B. F. McKelvy in said cause No. 6097, it clearly appears that the court transcended its authority and exceeded its jurisdictional authority, and where that is true and is shown by the judgment roll of the cause in which the judgment was rendered, such judgment is not voidable only, but is void, and such invalidity may clearly be called in question by the person whose interests are adversely affected by such a judgment, as the interests of the plaintiff, Henson, are so adversely affected in this case.

The petition of the plaintiff, J. W. Henson, pleads his title to the town lots in the town of Roff, and his petiton, which is taken as true for the purpose of the demurrer, points out the invalidity of the judgment held by the Oklahoma State Bank against B. F. McKelvy, and claimed as a lien against an undivided one-half interest in said town lots. The petition of the plaintiff to quiet his title shows by its allegations and attached exhibits that said personal judgment is void, and the trial court was in error in sustaining the demurrer to said petition.

For the reasons stated, this cause is reversed and remanded to the trial court, with instructions to overrule the defendant's demurrer to the plaintiff's petition.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. ANDREWS. J., dissents. BAYLESS, J., absent. BUSBY, J., disqualified and not participating.