### RODESNEY v. ROBINS.

No. 28610. March 14, 1939.

Willingham & Fariss and C. E. McAfee, for plaintiff in error.

Leo G. Mann and C. J. Brown, for defendant in error.

CORN, J. This is an appeal from an order vacating a judgment against a defendant upon service had by publication. The three-year statute of limitations is in-

volved in the case. The judgment vacated was rendered June 22, 1934, and the motion to vacate was filed June 18, 1937, and notice was served on the attorneys of record that the motion would be presented to the court for hearing on July 2, 1937.

The plaintiff's first proposition is that the motion to vacate the judgment was barred by the statute of limitations.

As indicated above, the motion to vacate was filed within the three-year period, but the day specified in the notice for hearing upon the motion was beyond the three-year limit.

The question, therefore, is: Was the filing of the motion within the three-year period sufficient compliance with the statute where the time for the hearing upon the motion as fixed by the notice was extended beyond the three-year limit?

The statute under which these proceedings were brought, section 189, O. S. 1931, provides in part as follows:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it·appear to the satisfaction of the court, by affidavit or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. * * *"

The identical question was discussed by this court in the case of Hill et al. v. Persinger et al., 57 Okla. 663, 157 P. 744, in which case the motion to vacate the judgment was filed shortly after the expiration of the statutory period, and this court held, as in all other cases where the motion was filed out of time, that the proceedings were barred by the statute of limitations, and that the court was without jurisdiction to hear and determine the motion. But it was insisted that the jurisdiction of the court was properly invoked in a petition asking for the partition of the premises filed in the same court and on. the last day of the statutory period, in which reference was made to the vacation of the decree sought to be vacated, but that contention was held without merit. In the same opinion this court proceeded to discuss the exact question now under consideration, and adopted the

construction of the Kansas statute, from which our statute was adopted, by the Kansas Supreme Court. In this connection the opinion reads as follows:

"If it were conceded that the petition filed in cause No. 743 was sufficient to raise the question, yet section 4728 contemplates that the notice should give time for the hearing of the application within the three years. This statute was taken from Kansas and was construed prior to its adoption in the case of Satterlee et al. v. Grubb, 38 Kan. 234, 16 P. 475, wherein the court said:

" 'We think that, when the nonresident defendant seeks to open a judgment and be let in to defend, under the provision of section 77 of the Code, three things are imperatively required by the express terms of the section: First, that the applicant give notice; second, that he file a full answer; * * * and, third, that he make it appear to the satisfaction of the court by affidavit,— that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. We think the service of the notice, the filing of the answer with an offer to pay costs, if required, and the filing of the affidavit of the want of actual notice of the pendency of the action in time, should each and all be done and performed within three years after the date of the judgment, in order to comply with the requirements of that section. The notice should fix a time for the hearing of the application within the three years.' "

In an earlier Kansas case, Albright v. Warkentin, 2 P. 614, the application was filed and the notice given and all other requirements of the statute were complied with by the applicant within three years from the date of the judgment, and the plaintiff appeared within the three years and moved for a continuance in order to enable him to obtain counter testimony on the question of notice. The continuance was granted, and in consequence thereof the hearing of the application was not heard until after three years from the date of the judgment, and under those circumstances the Kansas court held that the delay did not deprive the defendant of his right to have the judgment opened.

This is a reasonable and fair construction of the statute, and we can see no reason for departing from the rule laid down by the Kansas court and adopted by this court in Hill v. Persinger, supra. The applicant must fully comply with the statute within the three years, and full compliance contemplates the fixing of the time for hearing the application within the three

years. In the instant case the applicant is barred by the statute by reason of her failure to fix the date for hearing the application within the three-year limit.

In view of our holding upon plaintiff's first proposition, it is not necessary to discuss his second proposition.

The judgment of the trial court is reversed and remanded, with directions to vacate the order appealed from.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur.