WHITEHEAD et al. v. CALLAHAN et al.

No. 32333. Oct. 8, 1946.

*173 P. 2d 447.*

J. E. Whitehead, of Ft. Smith, Ark., and R. Place Montgomery, of Hobart, for plaintiffs in error.

Carder & Carder, of Hobart, for defendants in error.

HURST, V.C.J. This is an appeal from an order denying the application of defendants to open a default judgment rendered against them on service by publication. The application was

made under 12 O.S. 1941 §176, which provides that defendants against whom such judgments have been rendered without actual notice "may, at any time within three years after the date of the judgment or order, have the same opened and be let in to defend." The facts are not in dispute. The original judgment was entered on September 17, 1941. On September 13, 1944, defendants served notice on plaintiffs of their intention to make application to open the judgment. On September 14, 1944, the motion, affidavits, and answer required by the statute, none of which are challenged here, were filed.

It is the contention of plaintiffs that the notice of September 13, 1944, was insufficient in that it did not fix a day certain, within the three years, upon which the application would be heard. The notice stated that defendants intended to "immediately make application" to open the judgment, and that the application would be presented to the district court of Kiowa county "in regular and due course of assignments of cases made from time to time by said court". It was stipulated that no district court docket was set or heard in Kiowa county from a time prior to the filing of defendants' application until October 20, 1944, at which time the matter was heard and the motion denied.

Although the statute, in words, provides only that the "applicant shall give notice to the adverse party of his intention to make such an application", in Rodesney v. Robins, 184 Okla. 457, 88 P. 2d 333, we held that a notice given prior to the expiration of the three-year period, but stating that the hearing would be held on a named date, after the expiration of such period, was insufficient, and that the application was barred by the statute. Our decision in that case was based on Satterlee v. Grubb, 38 Kan. 234, 16 P. 475, wherein the Kansas court had construed the statute prior to its adoption from that state into Oklahoma. In the Satterlee Case the court said that "the notice

should fix a time for the hearing of the application within the three years", but that such date should be followed by the words "or as soon thereafter as the same can be heard," so that if no term of court was in session on such date the matter might be heard thereafter. The rule was approved, by dictum, in Hill v. Persinger, 57 Okla. 663, 157 P. 744.

Plaintiffs concede that had the notice stated that the application would be presented on "September 16, 1944, or as soon thereafter as the same can be heard," it would have been sufficient even though no docket was contemplated or held on such date. They argue, however, that since it merely stated that the matter would be presented "in regular and due course of assignments of cases", and since no docket was actually set prior to October 20, 1944, the notice, in effect, set the hearing for a date after the expiration of the three years and was insufficient under Rodesney v. Robins, above. We are unable to agree with this contention. It seems to us that the meaning of the notice given was that the matter would be presented at the earliest opportunity, that if a docket was set prior to the expiration of the statutory period, the matter would be presented at such time, otherwise on the first docket thereafter. We think such notice was sufficient, for, in effect, it conveyed the same meaning which would have been conveyed by a statement that the matter would be heard on a day certain "or as soon thereafter as the same can be heard," which would have admittedly been sufficient.

In reaching this conclusion we have been guided by the rule that statutes of this type are remedial and should be construed liberally in furtherance of justice. 31 Am. Jur. 303; Withers v. Miller, 140 Kan. 123, 34 P. 2d 110, 104 A.L.R. 692; Albright v. Warkentin, 31 Kan. 442, 2 P. 614. As was said by Justice Brewer, in Albright v. Warkentin, above the provisions of the statute "should be construed in no

574

technical way, but reasonably and fairly. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing, if it can possibly be done consistent with the rights of other parties."

No rights of the plaintiffs were prejudiced by the notice given here. They were advised, prior to the expiration of the statutory period, that defendants intended to make application to open the judgment. Had a docket been set prior to the expiration of such period, the matter would have been heard at that time; and, as it was, the matter was actually heard at the same time, upon the notice given, as would have been the case had the notice contained the language thought necessary by plaintiffs.

In view of these facts and the remedial purpose of the statute, we think the rule of Rodesney v. Robins, above, should not be extended to cases of this type, but should be limited to those cases where the notice fixes a day certain for the hearing beyond the three years.

Under the decision we have reached, it becomes unnecessary to determine whether the court erred in denying defendants permission to amend the notice after the expiration of the statutory period.

Reversed, with directions to proceed not inconsistently with the views herein expressed.

GIBSON, C.J., and RILEY, BAYLESS, CORN, and DAVISON, JJ., concur.