STATE ex rel. COM'RS OF LAND OFFICE v. WILKIN.

No. 33987.   Nov. 8, 1949.

*211 P. 2d 509.*

T. J. Lee, R. H. Dunn, and Sam Hill, all of Oklahoma City, for plaintiff in error.

L. G. Brewer, of Elk City, and Wayne Bayless and Gilliland, Ogden, Withing-

ton, Shirk & Vaught, all of Oklahoma City, for defendant in error.

WELCH, J. The question presented is whether the trial court erred in vacating foreclosure judgment, canceling sheriff's sale and conveyance to plaintiff in pursuance thereof, and in directing an accounting.

In the mortgage foreclosure action there was publication service, foreclosure judgment, order of sale, and sale to plaintiff followed by confirmation thereof, and sheriff's deed to plaintiff issued and recorded, all this occurring during the four years approximately while defendant, R. O. Wilkin, owner of the land, was in the United States Army serving in other states and in the South Pacific during the late war.

In connection with the publication service there was no mailing of petition and publication notice to defendant, but in lieu thereof an affidavit of nonmailing on account of inability to ascertain defendant's location. The defendant had no actual notice of the pendency of the action.

Within two months after defendant's discharge from the army and in less than three years after the date of the foreclosure judgment, he learned of these proceedings involving his farm lands and filed his application to set aside the aforesaid judgment and sale proceedings, basing same upon the aforesaid facts of his ownership of the land, the kind of service obtained, and that his lack of knowledge of the action and his military service deprived him of the opportunity to defend the action or to exercise his right to redeem his land.

The defendant prayed that the foreclosure judgment and all proceedings had pursuant thereto be vacated in order that he might defend and be given opportunity to redeem said land. The defendant plead an offer and tender of such amount as the court should find was due and required to redeem the property, and there was proper service of summons.

The plaintiff filed a general demurrer to defendant's pleading. The demurrer was overruled. After an election by plaintiff to stand on the demurrer, the trial court entered judgment for the defendant, vacating the judgment of foreclosure and the sale proceedings had thereunder, and the sheriff's deed, and ordered an accounting by plaintiff of any funds received by virtue of plaintiff's possession under the sheriff's deed. The defendant was granted other relief as against others not parties to this appeal.

The argument for reversal is presented under two propositions: One, that the facts plead are insufficient to justify the vacation of the judgment of foreclosure, and, the other, that applicant has ratified the lack of personal service of summons by pleading nonjurisdictional facts and asking affirmative relief thereon.

Our attention is directed to several state and Federal acts, but we find the action of the trial court was justified under Tit. 50 U. S. C. A. App. §520, paragraph (4), and Tit. 12, O. S. 1941 §176.

The material part of the Federal provision is as follows:

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. . . . Oct. 17, 1940, c. 888, sec. 200, 54 Stat. 1180."

And the material portion of the state statute is as follows:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; . . ."

The application was filed within the respective limitation periods prescribed by the two laws, and hence the question is the sufficiency of the application under either law.

It is urged that applicant has failed to qualify under the Federal Act because:

"(1) he has plead no allegation that his military or naval service impaired his ability to pay or impaired his ability to present his defense, and (2) he has neither plead nor made any attempt to prove the existence of a defense at the time the foreclosure action was instituted, or at the time the judgment was rendered, . . ."

As to the first ground, it need only be said the impairment is expressly plead in the application and stands admitted by the demurrer. Furthermore, the fact that applicant was not personally served with process and had no actual knowledge of the proceedings is admitted by the demurrer, and such entitled him to apply for the relief under the statute upon making the required showing. In order to be entitled to relief under either law, it is necessary that a meritorious defense be plead and proven.

Presenting the second ground, it is urged that there is plead no ground of defense against the foreclosure judgment, and, further, that applicant's claim that he is entitled, under section 526 of said Federal Act to discharge the indebtedness upon basis of a less rate of interest than reflected in the judgment, is not justified and therefore no defense to the judgment of foreclosure. These contentions will be considered separately.

There is no merit in the contention that applicant has not plead a meritorious defense. Title 42, O.S. 1941 §18, provides:

"Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed."

In Mayhue v. Clapp, 128 Okla. 1, 261 P. 144, 145, we said:

"It is next urged by the defendant in error that said motion to vacate was insufficient for the reason that no valid defense to the action is shown as provided for in section 814, C. O. S. 1921. It may be that no defense is stated against the action on the note, but he alleges willingness and ability to pay said indebtedness, and certainly this would constitute a defense against the foreclosure of the mortgage."

And later, in Mobley v. State ex rel. Com'rs of the Land Office, 198 Okla. 250, 177 P. 2d 503, we held:

"The right accorded to the owner of an interest in property to redeem it from the lien of a mortgage to which such interest is subordinate, although it is no defense to the action on the note secured by the mortgage, is a defense against the foreclosure of the lien of the mortgage on such interest."

To hold otherwise would defeat a right not only existing in equity but expressly declared by statute. Such right can be exercised only by a discharge of the lien indebtedness, and a proper tender of payment is sufficient to defeat any judgment of foreclosure because upon the acceptance of payment the plaintiff is made whole upon his claim. Such right of redemption was not foreclosed by the judgment

herein, but continued thereafter until the sale was had in pursuance thereof. Anderson, Trustee, v. Barr et al., 178 Okla. 508, 62 P. 2d 1242; 42 C. J. p. 347, and cases cited. If tender after judgment and before sale is sufficient to defeat the force of the judgment, it is certainly sufficient to defeat the judgment if made before its rendition.

In view of what has been said the question of the proper rate of interest on the indebtedness as affording a ground for reopening the judgment is unimportant.

The authorities cited in support of the second proposition have reference to situations where relief is sought against judicial action that is unwarranted because of lack of jurisdiction of the person of the applicant and which may be had upon special appearance alone and is defeated by what is tantamount to a general appearance. They require no review because they are not applicable to a proceeding to vacate judgments under authority of section 176, quoted above. In construing section 176, then 256, O. S. 1921, we said in Wise et al. v. Davis, 132 Okla. 65, 269 P. 248:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, is entitled to have the same opened, and be let in to defend, when he complies with the provisions of section 256, C. O. S. 1921. The fact that he may have challenged the validity of the service and the jurisdiction of the court to render any judgment will not justify the denial of his application to have the judgment opened."

And in Bagsby v. Bagsby, 184 Okla. 627, 89 P. 2d 345, construing the same section, it is stated:

". . . But the right to open the judgment under this section is not dependent upon any defect in the process of obtaining jurisdiction; it exists even though defendant was already 'in court' pursuant only to valid service by publication in a newspaper. . . . It should be borne in mind that the statute under which we are proceeding does not contemplate the vacating of a judgment, but the opening up of a judgment, so that the defendant may be let in to defend or take other action on the merits of the case. If she has thereby in some manner entered her appearance, it is immaterial under the provisions of this section."

In Whitehead et al v. Callahan et al., 197 Okla. 572, 173 P. 2d 447, on holding sufficient the notice of application to vacate judgment under said section, we said:

"In reaching this conclusion we have been guided by the rule that statutes of this type are remedial and should be construed liberally in furtherance of justice, 31 Am. Jur. 303; Withers v. Miller, 140 Kan. 123, 34 P. 2d 110, 104 A. L. R. 692; Albright v. Warkentin, 31 Kan. 442, 2 P. 614. As was said by Justice Brewer, in Albright v. Warkentin, above, the provisions of the statute 'should be construed in no technical way, but reasonably and fairly. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing, if it can possibly be done consistent with the rights of other parties.' "

The appearance of applicant was purposely a general appearance and properly so under the statute. The relief sought in addition to the reopening of the judgment is clearly within the province of the court, after opening the judgment, to grant upon proper showing therefor being made.

There are questions raised in the briefs as to other rights or liabilities of the parties under other provisions of state statute and of the Federal Act, but we find it unnecessary to decide or discuss them. What we have said is sufficient to dispose of the appeal, and for the reasons stated, the judgment appealed from is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.