Robert B. FLAGG, Plaintiff in Error,

v.

SUN INVESTMENT & LOAN CORPORA-
TION, Defendant in Error.

No. 39760.

Supreme Court of Oklahoma.

July 10, 1962.

Primus C. Wade, Tulsa, for plaintiff in error.

Jack Bliss, Tahlequah, for defendant in error.

DAVISON, Justice.

This is an appeal by Robert B. Flagg from an order of the district court of Cherokee County, Oklahoma, sustaining a demurrer and dismissing his petition to vacate a judgment of mortgage foreclosure in favor of Sun Investment & Loan Corp., hereinafter referred to as "Sun," and the sheriff's sale and confirmation thereof subsequently had and entered in the action.

Flagg's petition to vacate was filed April 2, 1957. Attached to his petition is his answer which he proposes to file as a meritorious defense to Sun's foreclosure action. Flagg relies upon the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50 U.S.C.A. Appendix, § 520(4). It is alleged in substance that Flagg was the owner of certain real estate located in Cherokee County, Oklahoma, and that Sun filed the action on a note and mortgage executed by him and sought foreclosure of the mortgage; that service by publication was made on him and no personal service of summons was had upon him and that he had no notice of the foreclosure action except by publication and hearsay; that an answer was filed in the action by Allie B. Ross, one of the defendants, purporting to be an answer for the said Ross and for Flagg and others, but that the said Ross was without authority to enter an appearance for him, and further that on or about June 1, 1956, (date of judgment) the district court was advised of the lack of authority of Ross and the court directed the purported appearance be stricken "by reason of the fact that the said Robert B. Flagg was in the Military Service of the United States." It was further alleged that on August 13, 1956, the property was sold at sheriff's sale to an officer of Sun and sheriff's deed was dated August 17, 1956; that Flagg filed a "caveat" in the office of the county clerk on September 10, 1956; that certain persons, who were parties to the proceeding, have acquired individual interests in the property prior and after the filing of said "caveat;" that during the time of pendency of the action of foreclosure and the sale and confirmation Flagg was in the military service and was prevented from making a defense because of his military service and had funds on deposit with the military which were not available until permanent change of station or discharge and was unable to pay plaintiff the funds due; and that his peti-

tion to vacate was filed (April 2, 1957) within 90 days from his military discharge. Flagg also tendered the amount found to be due and the costs.

Flagg relies on 50 U.S.C.A. Appendix, § 520(4), October 17, 1940, c. 888, § 200, 54 Stat. 1180, which reads as follows:

"If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (said sections) shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

This court has recognized the right of a person to relief from a default judgment when he can show that he falls within the category described in the above quoted Federal provision. In State ex rel. Commissioners of Land Office v. Wilkin, 202 Okl. 177, 211 P.2d 509, we approved vacation of a default foreclosure judgment, sale and confirmation, where the party seeking vacation showed he was entitled to the benefit of the Federal Act. In that decision we also held the vacation was sustained by reason of compliance with 12 O.S. 1961, § 176, allowing opening of default judgments based on service by publication under the conditions therein set forth.

Also in State ex rel. Com'rs of Land Office v. Warden, 197 Okl. 97, 168 P.2d 1010, we considered the exclusiveness of 12 O.S.

1961, § 1031, empowering the district court to vacate or modify its judgments, and said:

"Title 12 O.S.1941, § 1031 does not contain all the grounds upon which a judgment may be vacated. Under Subdivision 4, § 520, Title 50 Appendix U.S.C.A. (Soldiers' and Sailors' Civil Relief Act 1940), when a judgment is rendered against any person in military service during the period of his service or within thirty days thereafter, and it is made to appear that such person was prejudiced, by reason of his military service, in making his defense, the court rendering the judgment may, upon application of such person or his legal representative, not later than ninety days after the termination of the military service, open the judgment so that such a defendant, or his legal representative, may be let in to defend."

■ Under the provisions of the quoted Federal Act it was necessary that Flagg plead he was prejudiced in making his defense and also plead a meritorious defense. We are here only concerned with the sufficiency of the petition, but in any hearing on the petition, both the prejudice and defense must be proven.

■ The demurrer admitted the allegations of the petition and the allegations thereof attribute to his military service a lack of funds or rather a lack of availability of funds with which to satisfy the amounts due to Sun. In the Warden case, supra, we held that confirmation of a sheriff's sale is a final and binding judgment. Payment of the judgment prior to sale prevents the sale and the subsequent confirmation. We conclude prejudice by reason of impairment of ability to pay was alleged. Under the Federal Act this entitled Flagg to have the sale and confirmation opened and to be let in to defend.

■ The next proposition is whether a defense was alleged by Flagg. Flagg has tendered the amount due on the secured

indebtedness including the costs. He is in the position of a person tendering payment prior to foreclosure of his right of redemption by sheriff's sale. His tender of the indebtedness constitutes a defense against the foreclosure of the mortgage. In the Wilkin decision, supra, we stated:

"To hold otherwise would defeat a right not only existing in equity but expressly declared by statute. Such right can be exercised only by a discharge of the lien indebtedness, and a proper tender of payment is sufficient to defeat any judgment of foreclosure because upon the acceptance of payment the plaintiff is made whole upon his claim. Such right of redemption was not foreclosed by the judgment herein, but continued thereafter until the sale was had in pursuance thereof. Anderson, Trustee, v. Barr et al, 178 Okl. 508, 62 p. 2d 1242; 42 C.J. p. 347; 59 C.J.S., Mortgages, § 813, and cases cited. If tender after judgment and before sale is sufficient to defeat the force of the judgment it is certainly sufficient to defeat the judgment if made before its rendition."

There remains the proposition of whether Flagg entered his general appearance in the foreclosure action. The answer depends on the proof of Flagg relative to the authority of Allie B. Ross and the attorney in filing an answer in the action on behalf of Flagg. This is a matter to be determined by the district court upon further hearing.

■ The general relief section of the Soldiers' and Sailors' Relief Act of 1940 is predicated on default of appearance by the defendant. 50 U.S.C.A. Appendix, § 520. See Shaffer v. Shaffer, 69 Ohio App. 447, 42 N.E.2d 176, and Lightner v. Boone, 228 N.C. 199, 45 S.E.2d 261.

■ Relative to the authority of an attorney this court has held that the presumption of authority of an attorney to appear for his client may afterward be overthrown only by clear, cogent and convincing evidence. Burkhart v. Lasley, 182 Okl. 43, 75 P.2d 1124, 1126.

The order sustaining the demurrer to the petition to vacate foreclosure judgment, sheriff's sale and confirmation thereof is reversed and the matter is remanded for determination of rights of parties upon further hearing.